# STANDARD OIL COMPANY OF KENTUCKY v. STATE OF TENNESSEE.

### ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 160.    Argued April 20, 1910.—Decided May 2, 1910.

The Fourteenth Amendment will not be construed as introducing a
factitious equality without regard to practical differences that are
best met by corresponding differences of treatment.

Where a distinction may be made in the evil that delinquents are forced
to suffer, a difference in establishing the delinquency may also be
justifiable, and a State may provide for a different method of de-.

termining the guilt of a corporation from that of an individual without violating the equal protection clause of the Fourteenth Amendment; and so held as to the provisions in the anti-trust statute of Tennessee of 1903 prohibiting arrangements for lessening competition under which corporations are proceeded against by bill in equity for ouster while individuals are proceeded against as criminals by indictment, trial and punishment on conviction.

A transaction is not necessarily interstate commerce because it relates to a transaction of interstate commerce; and so held that a statute of Tennessee prohibiting arrangements within the State for lessening competition is not void as a regulation of interstate commerce as to sales made by persons without the State to persons within the State.

While a Federal question exists as to whether unequal protection of the law is afforded by excluding a class from the defense of the statute of limitations, the construction of the statute as to its scope is for the state court and does not present a Federal question.

120 Tennessee, 86, affirmed.

THE facts, which involve the constitutionality of certain provisions of the anti-trust statute of Tennessee of 1903, are stated in the opinion.

*Mr. John J. Vertrees* for plaintiff in error:

The anti-trust act of Tennessee, upon which the present proceeding is based, is not a statute prescribing the conditions on which foreign corporations are admitted to do business in Tennessee, neither is it a statute prescribing the procedure to be employed against corporations to punish them for corporate wrongdoing.

It is a general criminal law denouncing combinations, agreements, and conspiracies against trade, as crimes and prescribing the punishment therefor. *Carroll* v. *Greenwich Ins. Co.*, 199 U. S. 409; *Cargill* v. *Minnesota*, 180 U. S. 468; *Fidelity Mut. Life Ins. Co.* v. *Mettier*, 185 U. S. 332; *Am. Smelting Co.* v. *Colorado*, 204 U. S. 103.

A violation of the provisions of this anti-trust act of Tennessee, is a conspiracy against trade.

The offense, when committed by a corporation, is a mis-

demeanor.   Acts of Tennessee, c. 140;  Code of Tennessee (Shannon), §§ 6694, 6736, 6993, 6942–6945.

Corporations may be punished for crime, although they are not capable of having a guilty or criminal intent.  Upon grounds of public policy, the guilty intent of the agents who act for them may, and indeed oftentimes should, be imputed to the corporations, and the corporations be punished accordingly.  *N. Y. Cent. R. R.* v. *United States*, 212 U. S. 495.

Foreign trading corporations doing business in Tennessee are entitled to the equal protection of the laws, like natural persons.

The anti-trust act of Tennessee, as construed and applied in the present case, is void, because it is a regulation of interstate commerce.  *Gen. Oil Co.* v. *Crain*, 209 U. S. 228; *Reovick* v. *Pennsylvania*, 203 U. S. 507; *People* v. *Hawkins*, 157 N. Y. 1; *Jerver* v. *The Carolina*, 66 Fed. Rep. 1013; *Knop* v. *Monongahela &c. Co.*, 211 U. S. 485; *Adams Ex. Co.* v. *Kentucky*, 214 U. S. 221.

The anti-trust act of Tennessee as construed and applied, is unconstitutional and void, because it denies to the defendant the equal protection of the laws, and in these respects namely: It accords to natural persons accused of violating its provisions the right to a preliminary inquiry by a grand jury; the right to be put to answer the charge by indictment or presentment; the right to a trial by a jury; the right to an acquittal unless guilt be established by evidence beyond a reasonable doubt; and the right to interpose the statute of limitations (when it has run) as a defense.

All these defensive rights are accorded to natural persons, but denied to corporations.  That denial is capricious, arbitrary and unreasonable, and therefore a denial of the equal protection of the laws.  *Crowley* v. *United States*, 194 U. S. 473; 23 Am. & Eng. Ency. Law (2d ed.), 948; *Turley* v. *State*, 3 Heisk. (Tenn.) 11.

The transactions at Gallatin, alleged in the present proceeding to be a conspiracy against trade, if an unlawful conspiracy

at all, is a conspiracy against interstate trade—a violation of the act of Congress, the Sherman Act, and not a violation of the anti-trust act of Tennessee. *Addyston Pipe & Steel Co.* v. *United States,* 175 U. S. 211, 229, 230; *Northern Securities Co.* v. *United States,* 193 U. S. 344; *Railroad* v. *Husen,* 95 U. S. 465; *United States* v. *Swift & Co.,* 122 Fed. Rep. 534.

The defendant cannot be punished in the present proceeding for a violation of the Sherman Act, because (1) the pleadings are not framed to that end; (2) and the state court has no jurisdiction to entertain a proceeding for that purpose. *Minnesota* v. *Northern Securities Co.,* 194 U. S. 48; *Loewe* v. *Lawlor,* 130 Fed. Rep. 633.

The statute of limitations in the case of a violation of the provisions of this act by a corporation, is one year.

More than three years elapsed between the commission of the alleged offense, and the institution of the suit in this case; and the bar of the statute is a complete defense. *Turley* v. *State,* 3 Heisk. (Tenn.) 11; Code of Tennessee (Shannon), §§ 6736, 6942–6945, 6993, 6694.

*Mr. Charles T. Cates, Jr.,* Attorney General of Tennessee, for defendant in error:

No Federal question is involved in the decision of the state court that the transactions at Gallatin complained of in the bill were forbidden by the state statute.

The meaning and application of a state statute is to be determined by the decision of the state court. *Waters-Pierce Oil Co.* v. *Texas,* 177 U. S. 28, 42, 43; *Leeper* v. *Texas,* 139 U. S. 462, 467; *Smiley* v. *Kansas,* 196 U. S. 447, 455.

That the State of Tennessee had the right to deal with the subject-matter of the act of 1903, and to prevent unlawful agreements and arrangements in restraint of trade, or which are designed or tend to prevent competition in the sale of commodities or products, and to prohibit and punish such unlawful agreements or contracts is no longer open to question. *National Cotton Oil Co.* v. *Texas,* 197 U. S. 115; *Smiley* v.

*Kansas,* 196 U. S. 447; *Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 86.

The proper construction to be given to a state statute and as to what is to be regarded as among its terms presents no Federal question. *Phœnix Ins. Co.* v. *Gardner,* 11 Wall. 204; *Morley* v. *Lake Shore &c. Co.,* 146 U. S. 162. This court does not sit to review the findings of fact made in the state court, but accepts the findings of the state court upon matters of fact as conclusive. *Quimby* v. *Boyd,* 128 U. S. 489; *Eagan* v. *Hart,* 165 U. S. 188; *Dower* v. *Richards,* 151 U. S. 658; *Thayer* v. *Spratt,* 189 U. S. 346; *Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 86.

The acts of plaintiff in error were interstate transactions. *Standard Oil Co.* v. *State,* 117 Tennessee, 618, also approved by the Supreme Court of the State in this case.

The Tennessee anti-trust act does not deprive plaintiff in error of its rights, liberty and property without due process of law, or deny to it the equal protection of the law.

A complete remedy was presented by bill in equity to be conducted according to the recognized practice in courts of equity, against corporations violating the law, which has been sustained as "due process of law" by the Supreme Court of the State. *State* v. *Schlitz Brewing Company,* 104 Tennessee, 715.

By this method of procedure against offending corporations, according to the well-established practice of courts of equity, the alleged offender has full opportunity to be heard upon all its defenses in the same and as full a manner as other persons or corporations sued in such courts, and the right to have any issue of fact submitted to a jury.

Whether a foreign corporation is entitled to the right of a trial by jury does not involve any Federal question. The first ten amendments were not intended to restrict the powers of the State, but to operate solely on the Federal Government. *Brown* v. *New Jersey,* 175 U. S. 174; *Barrington* v. *Missouri,* 205 U. S. 483; *Spies* v. *Illinois,* 123 U. S. 131; *Jack* v. *Kansas,* 199 U. S. 372, 380. Nor are the "safeguards" of personal

rights, enumerated in the first eight amendments among
privileges and immunities, within the meaning of the Four-
teenth Amendment. *Twining's Case,* 211 U. S. 78. The
right to a trial by jury is not one of the fundamental rights
inherent in national citizenship. *Walker* v. *Sauvinet,* 92
U. S. 90; *Hurtado* v. *California,* 110 U. S. 516; *Missouri* v.
*Lewis,* 101 U. S. 22, 31; *Maxwell* v. *Dow,* 176 U. S. 581.

Plaintiff in error is not deprived of due process of law or
denied the equal protection of the law, in that it was not
put to trial under an indictment as upon a criminal charge
and, in this way, arbitrarily discriminated against by being
denied a trial by jury, and the right to plead the statute of
limitations, applicable to criminal charges, under the statutes
of Tennessee, and forced to submit to a conviction upon
preponderance of testimony rather than have its guilt es-
tablished beyond a reasonable doubt—all of which rights—
it claims, were granted to natural persons under § 3 of said
act. *Waters-Pierce Oil Co.* v. *State,* 19 Tex. Civ. App. 1, aff'd
in *Waters-Pierce Oil Co.* v. *Texas,* 177 U. S. 28; *Waters-
Pierce Oil Co.* v. *Texas,* 212 U. S. 86; *West* v. *Louisiana,* 194
U. S. 258, 263; *Leeper* v. *Texas,* 139 U. S. 462, 468; *Iowa Cen-
tral Railroad Co.* v. *Iowa,* 160 U. S. 389, 393; *Louisville &c.
Co.* v. *Schmidt,* 177 U. S. 236; *Hooker* v. *Los Angeles,* 188
U. S. 314, 318; *Rogers* v. *Peck,* 199 U. S. 425. See also *Raw-
lins* v. *Georgia,* 201 U. S. 638; *Felts* v. *Murphy,* 201 U. S. 123;
*Twining's Case,* 211 U. S. 78; *Hager* v. *Reclamation District,*
111 U. S. 701; *Northern Securities Co.* v. *United States,* 193
U. S. 197, 360.

Nor was plaintiff in error discriminated against by being
put to trial under a bill in equity according to the practice
of courts of equity and thus denied a trial by a jury, or the
right of the statute of limitations. *Magoun* v. *Illinois Trust
and Savings Bank,* 179 U. S. 283; *Orient Insurance Co.* v.
*Daggs,* 172 U. S. 557; *Hager* v. *Missouri,* 120 U. S. 68; *Mis-
souri* v. *Lewis,* 101 U. S. 22, approved in *Maxwell* v. *Dow,*
176 U. S. 598, 599.

There is no palpably arbitrary classification or discrimination. A corporation cannot be imprisoned; the only method of procedure appropriate to the case, adapted to the end to be attained, is to prohibit it from carrying on its business, through the injunction process of a court of equity. An injunction issuing out of a criminal court is a thing unknown to the law.

As to the statute of limitations, as this is a civil action, under the Code of Tennessee (Shannon's Code, § 4453), no statute of limitations is applicable thereto as against the State.

The state court held that the offense denounced by § 3 of the act of 1903 is a felony of such grade and punishment that no statute of limitations applies thereto. Therefore, plaintiff in error has not been deprived of any right. The construction and effect given by the Supreme Court of the State to the state statute is not subject to reëxamination by this court under a writ of error. *Harbinger* v. *Myer*, 92 U. S. 111; *McStacy et al.* v. *Friedman*, 92 U. S. 723.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiff in error is a Kentucky corporation and seeks to reverse a decree of the Supreme Court of Tennessee forbidding it to do business, other than interstate commerce, in the latter State. 120 Tennessee, 86. The ground of the decree is that the corporation and certain named agents entered into an arrangement for the purpose and with the effect of lessening competition in the sale of oil at Gallatin, Tennessee, and with the further result of advancing the price of oil there. The acts proved against the corporation were held to entail the ouster under a statute of Tennessee. Act of March 16, 1903. The corporation brings the case here on the contentions that the statute as construed by the court is contrary to the Fourteenth Amendment and also is an unconstitutional interference with commerce among the States.

The basis of the former contention is that by § 3 of the act any violation of it is made a crime, punishable by fine, imprisonment or both, and that this section has been construed as applicable only to natural persons. *Standard Oil Co.* v. *The State*, 117 Tennessee, 618. Hence, it is said, this statute denies to corporations the equal protection of the laws. For although it is addressed generally to the prevention of a certain kind of conduct, whether on the part of corporations or unincorporated men, the latter cannot be tried without a preliminary investigation by a grand jury, an indictment or presentment, a trial by jury, the right to an acquittal unless their guilt is established beyond a reasonable doubt, and the benefit of a statute of limitations of one year. Corporations, on the other hand, are proceeded against by bill in equity on relation of the Attorney General without any of these advantages, except perhaps the right to a jury. Complaint is not made of the difference between fine or imprisonment and ouster, but it is insisted that this is a general criminal statute, that ouster is a punishment as much as a fine, and that it is not a condition attached to the doing of business by foreign corporations, *Carroll* v. *Greenwich Insurance Co.*, 199 U. S. 401, 409, or indeed a regulation of the conduct of corporations as such at all. Therefore the plaintiff in error complains that it is given a wrongful immunity from the procedure of the criminal law. This suit is for the same transaction for which, in the earlier case cited above, an agent of the company was indicted and fined.

The foregoing argument is one of the many attempts to construe the Fourteenth Amendment as introducing a factitious equality without regard to practical differences that are best met by corresponding differences of treatment. The law of Tennessee sees fit to seek to prevent a certain kind of conduct. To prevent it the threat of fine and imprisonment is likely to be efficient for men, while the latter is impossible and the former less serious to corporations. On the other hand, the threat of extinction or ouster is not

monstrous, and yet is likely to achieve the result with corporations, while it would be extravagant as applied to men. Hence, this difference is admitted to be justifiable. But the admission goes far to destroy the argument that is made. For if a fundamental distinction may be made in the evils that different delinquents are forced to suffer, surely the less important and ancient distinction between the modes of establishing the delinquency, according to the nature of the evil inflicted, even more easily may be justified. The Supreme Court of the State says that the present proceeding is of a civil nature, but assuming that nevertheless it ends in punishment, there is nothing novel or unusual about it. We are of opinion that subjection to it, with its concomitant advantages and disadvantages, is not an inequality of which the plaintiff in error can complain, although natural persons are given the benefit of the rules to which we have referred before incurring the possible sentence to prison, which the plaintiff in error escapes.

The second objection to the statute is that, although construed by the court to apply to domestic business only, nevertheless it is held to warrant turning the defendant out of the State for an interference with interstate trade. The transaction complained of was inducing merchants in Gallatin to revoke orders on a rival company for oil to be shipped from Pennsylvania, by an agreement to give them 300 gallons of oil. It is said that as the only illegal purpose that can be attributed to this agreement is that of protecting the defendant's oil against interstate competition, it could not be made the subject of punishment by the State; that the offense, if any, is against interstate commerce alone.

The cases that have gone as far as any in favor of this proposition are those that hold invalid taxes upon sales by travelling salesmen, so far as they affect commerce among the States. *Robbins* v. *Shelby County Taxing District,* 120 U. S. 489; *Rearick* v. *Pennsylvania,* 203 U. S. 507. These cases fall short of the conclusion to which they are supposed to

point. Regulations of the kind that they deal with concern the commerce itself, the conduct of the men engaged in it and as so engaged. The present statute deals with the conduct of third persons, strangers to the business. It does not regulate the business at all. It is not even directed against interference with that business specifically, but against acts of a certain kind that the State disapproves in whatever connection. The mere fact that it may happen to remove an interference with commerce among the States as well with the rest does not invalidate it. It hardly would be an answer to an indictment for forgery that the instrument forged was a foreign bill of lading, or for assault and battery that the person assaulted was engaged in peddling goods from another State. How far Congress could deal with such cases we need not consider, but certainly there is nothing in the present state of the law at least that excludes the States from a familiar exercise of their power. See *Field* v. *Barber Asphalt Co.*, 194 U. S. 618, 623.

There is an attempt also to bring this case within the statute of limitations. It was permissible for the corporation to contend that it was discriminated against unconstitutionally by being excluded from that defense, and we have dealt with the argument that it was so. But the scope of the state statutes was for the state court to determine and is not open here.

*Decree affirmed.*