## GUY HARRIS BUICK CO. v. BRYANT.

No. 14476—Opinion Filed Feb. 17, 1925.

(Syllabus.)

**1. Set-Off and Counterclaim — Statute on Counterclaim.**

"Defendant may plead and prove, as a counterclaim, any cause of action he may have against the plaintiff, whatever its nature. arising out of the cause of action alleged in the petition or connected therewith." Fort Worth Lead & Zinc Company v. Robinson, 89 Okla. 221, 215 Pac. 205.

**2. Same—Action on Note and Mortgage—Conversion of Property by Mortgagee as Counterclaim.**

In an action on a note and mortgage, the holder of note and mortgage secures a void judgment and issues a void execution thereon, seizing and selling the mortgaged property; in a subsequent trial of the same action. held, the maker of the note and mortgage may plead a conversion of the mortgaged property as a counterclaim.

**3. Estoppel—Parties Who May Invoke.**

"An estoppel operates only between par-

ties and privies, and the party who pleads an estoppel must be one who has, in good faith, been misled to his injury." Williams v. Purcell, 45 Okla. 489, 145 Pac. 1151.

### 4. Conversion—Measure of Damages—Automobiles.

In a counterclaim for the conversion of an automobile, ordinarily the measure of the damage is the fair market value of the automobile at the time and place of conversion, with interest thereon.

### 5. Appeal and Error—Trial by Court—Question of Fact.

Where a jury is waived, and the case tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and if there is any competent evidence reasonably tending to support the judgment of the trial court. the same will not be disturbed upon appeal.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by the Guy Harris Buick Company against J. C. Bryant. From the judgment, plaintiff brings error. Affirmed.

Sigler & Jackson, for plaintiff in error.

Brett & Brett and Marvin Shilling, for defendant in error.

RILEY, J. This is a suit on a promissory note and for the foreclosure of a chattel mortgage. The parties will be referred to as they appeared in the trial court.

The plaintiff filed its petition against the defendant on the 7th day of February, 1922, praying for a judgment against the defendant in the sum of $1,000, with interest thereon, and for the sum of $125 attorney's fee, its said claim being based upon a promissory note, and for the foreclosure of a chattel mortgage.

Thereafter, and on March 22, 1922, a default judgment was rendered against the defendant and in favor of the plaintiff in the amount of $1,000, and interest from May 18, 1921, and an attorney's fee in the sum of $125, and for the foreclosure of the plaintiff's mortgage lien upon a certain Oldsmobile automobile.

On March 23, 1922, an order of sale was issued and the Oldsmobile automobile, described in the judgment rendered, was taken from the possession of the defendant by the sheriff of Carter county.

On June 5, 1922, an execution was issued against the defendant.

On July 15, 1922, defendant filed a motion to vacate and set aside the judgment rendered against him on March 22, 1922, and on September 9, 1922, this motion was by the court sustained, and the judgment was vacated and set aside, for the reason that service of process was shown not to have been had upon the defendant.

Thereafter plaintiff caused new process to issue, and on April 28, 1923, the defendant filed his answer, admitting the execution of the notes and mortgage sued upon in the action, and pleading a counterclaim against the plaintiff, by reason of the fact the plaintiff had caused an illegal execution on or about April 1, 1922, by virtue of which the Oldsmobile automomible was taken from the defendant illegallly, unlawfully. and without the rendition of a judgment at the time of the issuance of the execution, as aforesaid, and that the plaintiff had thereby secured possession of the car and had retained the same under the void execution. Defendant further alleged that the car was of the value of $1,000, and that the rental value of the car was in the sum of $5 per day from and after the time of seizure, as above set out.

Thereafter the plaintiff filed its reply, denying generally the allegations contained in defendant's answer and pleading, further, that the defendant was estopped in that he permitted the sheriff to take the automobile described, to advertise and sell the same without questioning the validity of the judgment. The plaintiff moved the court to render judgment on the pleadings. The motion was by the court overruled.

An agreed statement of facts was then entered into by and between the plaintiff and defendant, which is as follows, to wit:

"It is agreed between the parties to this action that this suit was filed by the plaintiff and against the defendant on February 17, 1922; that summons was duly issued and on February 24, 1922, the sheriff made a return showing that he had served J. C. Bryant on February 23, 1922; that on March 22, 1922, judgment was entered for the plaintiff and against the defendant, which judgment is made a part of this agrement; that an order of sale was issued on March 23, 1922, and under the order of sale the automobile described as an eight-cylinder Oldsmobile 45A, and described in said judgment. was taken by the sheriff from the possession of the defendant and advertised and sold under said order of sale; that an alias execution was issued on June 5, 1922. and on July 15, 1922, a motion was filed by the defendant to set aside the judgment, which motion is made a part of this agreement..

"On July 14, 1922, the court made an order setting aside the judgment rendered on

March 22, 1922; a copy of the order setting aside said judgment is made a part of this agreement; that the automobile mentioned in the defendant's answer is the same automobile that was sold under the order of sale and judgment as above recited; that the automobile was advertised for sale as by law required and the sale was conducted in all respects as by law required; that the automobile brought $100 at this sale and was sold to the highest bidder, said automobile having been purchased at said sale by the plaintiff herein, Guy Harris Buick Company."

Upon the issues joined and the agreed statement of facts, heretofore set out, the cause was tried to the court without the intervention of a jury. The court found that the plaintiff was entitled to recover from the defendant on its promissory note in the sum of $1.325, and the defendant was entitled to a credit on the said note in the sum of $745.50 by reason of his counterclaim.

It is contended by plaintiff that the matters and things pleaded in defendant's answer were not a proper counterclaim or set-off, for the reason that the defendant was attempting to set up a tort against a contract and attempting to set off matters which arose after the suit was filed.

We shall direct our attention, first, as to whether or not a tort, which did not occur until after a petition was filed and a summons issued, can be pleaded as a damage and counterclaim.

Section 274, Comp. Stat. 1921, provides:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of wrongful attachment or garnishment issued and levied in said action after the same has been set aside. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein. Provided, that either party can plead and prove a set-off or counterclaim of the proper nature. in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him. Such set-off or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

Section 275, Comp. Stat. 1921, provides:

"A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court."

Fort Worth Lead & Zinc Company v. Robinson, 89 Okla. 221, 215 Pac. 205, in a recent opinion. by this court it is said, on page 207:

"While the courts have not arrived at a wholly satisfactory definition of the term 'transaction' as used in the Code provision relating to counterclaim, it is quite generally agreed that it is broader in meaning than the word 'contract' and includes torts; otherwise, it would not have been employed. It is clear that it was the intention of the framers of the Code that the court in one action might settle all matters in controversy between the parties relating to the contract or transaction which is the foundation of the action. Therefore any cause of action, whatever its nature, arising out of the cause of action alleged in the petition or connected therewith, in favor of the defendant and against plaintiff, is a proper counterclaim. Wyman v. Herard, 9 Okla. 35, 59 Pac. 1009; Cooper v. Gibson, 69 Okla. 105, 170 Pac. 220; Bannerot v. McClure, 39 Colo. 472, 90 Pac. 70, 12 L. R. A. (N. S.) 126; Scott v. Waggoner, 48 Mont. 536, 139 Pac. 454, L. R. A. 1916C, 491; Northwestern Port Huron Co. v. Iverson, 22 S. D. 314, 117 N. W. 372, 133 Am. St. Rep. 920; 24 R. C. L. 844."

24 R. C. L. 826:

"The result is that today it is practically the unanimous rule that counterclaims in tort may be interposed in actions of contract when they fulfill the qualifications of the statute. * * * And in an action on notes secured by a mortgage on personal property, a counterclaim for the conversion of the mortgaged property through an attempted foreclosure which does not comply with the statute has been decided to arise out of the transaction sued upon."

In the instant case the action of plaintiff is based upon a chattel mortgage as well as notes. The obligation and liabilities of the parties arise out of the "transaction" thereon, and it is but reasonable to conclude. under the rule announced by this court in Fort Worth Lead & Zinc Company v. Robinson, supra, that the defendant's cause of action for conversion of the mortgaged property was a proper subject for counterclaim, and the defense here springs out of the transaction which gave birth to the promissory note and mortgage.

The plaintiff contends that the defendant cannot plead unliquidated damages as a counterclaim, on an action against him on promissory notes, which damages arose out of the wrongful suing out of an attachment

in the action heretofore set out. We do not agree that this is a case of unliquidated damages.

24 R. C. L. 856:

"So in a case where the counterclaim is for the value of property converted, the fact that the price had not been agreed on does not make it a case of unliquidated damages, within the sense in which this term has been used." Jenkins v. Richardson (Ky.) 22 Am. Dec. 82; Steigleman v. Jeffries (Pa.) 7 Am. Dec. 626; Tidewater Quarry Co. v. Scott (Va. App.) 52 S. E. 835.

Plaintiff next says that defendant was estopped by his conduct to claim that he was damaged by the sale of the automobile at the execution sale under the judgment, for the reason that he stood by, knowing that the sheriff had seized the automobile under an order of sale and he never at any time attempted to set the judgment aside until long after the sale of the property.

The record discloses that the judgment on which the order of sale was based was subsequently set aside by motion of defendant filed on July 15, 1922. The judgment being void, it follows that the order of sale was likewise void. Bilby v. Jones, 39 Okla. 613, 136 Pac. 414, and a void writ issued by procurement of plaintiff can afford him no protection or benefit. Jones v. Buzzard et al., 2 Ark. 415; Crawford et al. v. Thomason et al., 53 Tex. Civ. App. 561, 117 S. W. 181.

In the instant case the evidence fails to show that defendant acquiesced either in the seizure or sale of the automobile. On the other hand, it appears that defendant informed the sheriff that there was no judgment against him and that defendant had not been served with a summons in the action. It further appears that this defendant was not present at the sale.

In Condit v. Condit et al., 66 Okla. 218, 168 Pac. 459, citing Black on Judgments, this court quotes, with approval, the following:

"Sec. 170. * * * Now a void judgment is in reality no judgment at all. It is a mere nullity. * * * It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever; it has no effect as a lien upon his property; it does not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril."

Plaintiff herein purchased the seized property at the sale held under the void order,

and his position was not altered in any way by the action of defendant. One who was not altered in his position in reliance upon the conduct or statement, as the record herein discloses, cannot predicate an estoppel thereon.

In this contention, from an examination of the record, we are of the opinion that the trial court committed no error.

It is argued by counsel for plaintiff that the court below permitted defendant to prove both the value of the automobile at the time it was converted and the rental value thereof. It does not appear that the court rendered his judgment upon the rental value of the automobile, but upon a cash value. The plaintiff was in possession of the automobile 42 days and since the rental value, as shown, was $5 per day, the result thereof would have been a much higher amount than that indicated by the judgment. In a counterclaim for damages for the conversion of an automobile the measure of the damage is the fair market value of the automobile at the time and place of conversion, with interest thereon. We think the trial court based the judgment upon this rule.

The plaintiff contends that defendant did not prove that he was damaged. The matter was submitted to the judgment of the court as a question of fact, and we find from an examination of the record that there is sufficient testimony to support this finding of fact.

Mr. Beal testified:

"Q. When you sold him the car was it reasonably worth what you charged him for it? A. Yes, sir, I think it was."

And again, on page 56, case-made, this witness testified:

"The Court: I will be probably called upon to find the value of this car. Mr. Witness, what did you sell Mr. Bryant this car at? A. $1,250. Q. It was not a new car? A. It was practically a new car. Q. How long had it been used and who used it? A. Mrs. Adams. Q. How long a time? A. About a year; no, I don't think she had used it a year. She had used it six months or a year. The Court: She had used it for six months or a year and you sold it for $1,250. This man kept it ten months and you say it was only worth $100 or $150 when you got it back? A. Yes, sir."

The trial court heard this and other evidence bearing upon the value of the automobile in question, and when there is any evidence reasonably tending to support the judgment of the trial court upon a finding of fact, a jury being waived, the judgment of

the trial court must be given the same force and effect as the verdict of a properly instructed jury.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, ar⁴ CLARK, JJ., concur.

Note.—See under (1) 34 Cyc. pp. 682, 684, 685. (2) 34 Cyc. p. 671. (3) 21 C. J. pp. 1135, 1179. (4) 38 Cyc. pp. 2090, 2092, 2094. (5) 4 C. J. p. 876.