## SESTAK v. COWAN.

No. 21306. Opinion Filed May 31, 1933.

Rehearing Denied June 20, 1933.

Cox & Cox and Twyford & Smith, for plaintiff in error.

F. H. Reily, for defendant in error.

BAYLESS, J. O. C. Cowan instituted an action in the district court of Lincoln county, Okla., against Tony Sestak. This appeal is prosecuted by Sestak, and for the purposes of the record the parties will be referred to herein as they appeared in the trial court.

The verified petition of the plaintiff contained all of the allegations essential to a replevin action; and, in addition, the plaintiff filed a replevin affidavit and a replevin bond. The defendant filed an answer containing a general denial, and setting up certain matters by reason of which he claimed either title to the property or a lien thereon.

The plaintiff filed a reply alleging defendant had converted said property, and attached thereto a cross-petition which alleges conversion of the personalty; sets up the value of the horses and mules converted; sets up their usable value; and alleges exemplary damages. The prayer and the pleadings of the plaintiff were such as put him in the position of seeking the possession of the property or its value in replevin, or seeking its value and in addition its usable value in conversion.

At the close of the evidence the trial court treated the matter as being one of conversion and the jury was peremptorily instructed that the defendant had been guilty of conversion.

The defendant assigns several errors alleged to have been committed by the trial court, the second of which is: .

"The court erred in submitting instructions Nos. 1 and 2."

The first instruction given to the jury is as follows:

"The plaintiff has sued the defendant for the conversion of seven head of mules and horses, described in plaintiff's petition, and in the evidence. Under the law the plaintiff is entitled to a judgment as prayed for for the reasonable cash market value at the time of the conversion, to wit, July 26, 1929, and for the usable value of said animals during said period of time."

By this instruction the jury was informed that the defendant was guilty of conversion and nothing was left to the judgment or discretion of the jury in this respect.

The measure of damages for conversion of personalty is established by statute in this state, section 9986, O. S. 1931, being as follows:

"The detriment caused by the wrongful conversion of personal property is presumed to be:

"First. The value of the property at the time of the conversion, with the interest from that time; or,

"Second. Where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and,

"Third. A fair compensation for the time and money properly expended in pursuit of the property."

This court has consistently applied this rule beginning with the case of Hopkins v. Dipert, 11 Okla. 630, 69 P. 883, and continuing to Guy Harris Buick Co. v. Bryant, 108 Okla. 117, 233 P. 752. The second instruction given by the court to the jury, covering the measure of damages, is as follows:

"You are, therefore, instructed to return a verdict for the plaintiff, O. C. Cowan, and against the defendant, Tony Sestak, for whatever you may find to be the reasonable market value of said four head of horses and mules as of that date, and for such additional sum as you may find to have been the reasonable usable value thereof for said period of time, in all not to exceed the amount claimed by the plaintiff, less reasonable cost for feed and pasturage of said horses and mules during said time."

This instruction was erroneous and not in keeping with the cases above cited.

Having held, therefore, that the instruction was erroneous, the question then arises

as to whether or not said cause should be reversed. The verdict of the jury was $275. The evidence on behalf of the plaintiff shows the value of the property to be in excess of said sum, while the value of the property, as testified to by the defendant, is approximately $270. No complaint is made that the judgment is excessive.

This court has held that even though an instruction is erroneous and misleading, yet, when in the light of the evidence it does not appear to have misled the jury into finding upon the issue otherwise than they would have found under proper instructions, under section 252, O. S. 1931 (sec. 319, C. O. S. 1921), the error complained of will be considered harmless. See Midland Valley Ry. Co. v. Barnes, 162 Okla. 43, 18 P. (2d) 1089, and Potts v. Zolinger, 79 Okla. 262, 192 P. 1099.

This court is further of the opinion that the other assignments of error are not well taken, and the judgment of the trial court is, therefore, affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. ANDREWS, J., absent.