WILSON & CO., INC., v. HICKEY.

*97 P. 2d 564.*

No. 28726.  Nov. 14, 1939.

Rehearing Denied Dec. 19, 1939.

Application for Leave to File Second Petition for Rehearing Denied Jan. 9, 1940.

Myers & Snerly, of Chicago, Ill., and William H. Miley and Miley, Hoffman, Williams, France & Johnson, all of Oklahoma City, for plaintiff in error.

C. F. Green, of Ada, for defendant in error.

GIBSON, J. This appeal is from a judgment rendered in Pontotoc county for damages for defendant's conversion in Oklahoma county of plaintiff's cow by purchasing from a willful converter. The defendant was not a party to the original conversion. The parties are referred to as they appeared in the trial court.

Defendant specially objected to the jurisdiction of the trial court and moved to quash summons, and here contends that the venue of the action in Pontotoc county was based entirely upon plaintiff's residence there and defendant's status as a foreign corporation authorized to do business in Oklahoma; that by permitting the action to be maintained in Pontotoc county defendant was denied the equal protection of the law guaranteed u n d e r the Fourteenth Amendment to the Federal Constitution.

Defendant charges that article 9, sec. 43, Oklahoma Constitution, and sections 115 and 125, O. S. 1931, 12 Okla. Stat. Ann. § 137, 18 Okla. Stat. Ann. § 471, work an unwarranted discrimination and arbitrary classification upon foreign corporations.

The assent of a foreign corporation to all reasonable conditions imposed upon its admission to do business in a state does not include a surrender of its constitutional rights. State of Washington ex rel., etc. v. Superior Court, etc., 289 U. S. 361, 53 S. Ct. 624, 626.

Reliance for support of its contention as to venue is placed chiefly upon the case of Power Mfg. Co. v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 71 L. Ed. 1165. There plaintiff brought his action under statutes that broadly permitted such actions, if against a foreign corporation, to be brought in any county in the state of Arkansas. Actions of similar character against domestic corporations were required to be brought in a county where it has a place of business or in which its chief officer resides. The special classification and discriminatory treatment of foreign corporations under those provisions was in that case held to be without reasonable basis and essentially arbitrary.

A definite distinction between the Power Co. Case and the instant one is immediately evident. The statute there construed permitted suit against a foreign corporation in any county of Arkansas, while under the provisions here considered a transitory action against a foreign corporation may be brought, in addition to the other places provided by those sections, in only the county where plaintiff resides. The state-wide venue there existing is here wholly lacking. That case does not deny that the separate classification of foreign corporations is proper.

One of the essential requirements as to classification, so that it may not violate the equal protection guaranty, is that the classification must not be capricious or arbitrary, but must be reasonable and natural. No definite rule has or can be laid down to determine whether a particular classification is reasonable or unreasonable, but all reasonable doubts are to be resolved in favor of upholding the validity of legislation establishing a classification. 6 R.C.L. 378, 380.

The Fourteenth Amendment in requiring equal protection of the laws is not to be construed as introducing a factitious equality without regard to practical differences that are best met by differences of treatment. Standard Oil Co., etc., v. State of Tennessee, 217 U. S. 413, 30 S. Ct. 543, 54 L. Ed. 817; Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917. In the language of Mr. Justice Holmes, in Bain Peanut Co., etc., v. Pinson, 282 U. S. 499, 51 S. Ct. 228, 75 L. Ed. 482:

"The interpretation of constitutional principles must not be too literal. We must remember that the machinery of government would not work if it were not allowed a little play in its joints."

In Phillips Petroleum Co. v. Smith, 177 Okla. 539, 61 P. 2d 184, and in Empire Oil & Refining Co. v. Fields, 181 Okla. 231, 73 P. 2d 164, charge was made of the violation of the equal protection of

the laws clause as related to other portions of the same venue sections, and in upholding the validity of these provisions, upon consideration of the Power Co. Case and other cases, we declared that the latter cases did not hold there may not be a difference in venue provisions, but only that there may not be a discrimination, and that the respective venue provisions must bear a reasonable relation to the business.

A presumption of constitutionality is raised by the mere enactment of a statute. The state has a broad discretion in the matter of classification for the purpose of legislation, and one who assails the classification must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary, and not merely possibly but clearly and actually unreasonable. Borden's Farm Products Co., Inc. v. Baldwin, etc., 293 U. S. 194, 55 S. Ct. 187; 6 R. C. L. 385 (377); 12 C. J. 791 (221).

We conclude that the challenged portions of the provisions here in question do not constitute an unwarranted discrimination and arbitrary classification so as to violate the equal protection clause of the Fourteenth Amendment.

Defendant charges error in the admission of certain testimony as to value and in instructing the jury as to the measure of damages.

Evidence was received as to the value of the animal where plaintiff resided, and as to its value at the location of defendant's establishment. The language of the instruction was such as permitted the jury to consider either of the values fixed. The amount of the verdict was slightly in excess of the specific beef value fixed by defendant and less than the dairy value fixed by plaintiff.

While the measure of damages for the conversion of a chattel is generally stated as its value at the time and place of conversion (65 C. J. 131 [247]), our statute (sec. 9986, O. S. 1931, 23 Okla. Stat. Ann. § 64) relating to the detriment caused by the conversion of personal property does not include the place of conversion as one of the elements in fixing such value. The question of place of conversion was not involved in the case of Guy Harris Buick Co. v. Bryant, 108 Okla. 117, 233 P. 752, cited by defendant. In Richtmyer v. Mutual Live Stock Commission Co., 122 Neb. 317, 240 N. W. 315, 80 A. L. R. 608, an action for damages for conversion of cattle stolen by third parties, as here, and referred to by defendant, it was declared that the value of the property in the county from which taken was material as tending to show the value at point of conversion, and as also going to show the value of the cattle was the question as to whether pure bred or only beef cattle. In the instant case the animal was owned for dairy purposes, but was used for beef purposes on conversion. We see no reversible error in the admission of the evidence. Defendant's proof as to the value in Oklahoma county, though not specific, established the value of dairy cattle as higher than that for beef purposes. We are unable to say that the jury did not arrive at the amount of their verdict as of the place of conversion. Defendant does not complain that the amount of the verdict is excessive. The defendant suffered no such violation of its substantial rights by the challenged instruction, or by the refusal of its requested instructions relating to the same matter, as to warrant a reversal. Sestak v. Cowan, 164 Okla. 152, 23 P. 2d 146; Knupp Oil Corporation v. Lohman, 129 Okla. 288, 264 P. 824.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, CORN, HURST, and DANNER, JJ., concur. WELCH, V. C. J., and OSBORN and DAVISON, JJ., absent.