N. E. McNeill, of Tulsa, for plaintiff in error.

Arthur Cochran, of Okemah, for defendant in error.

## SMITH-HORTON DRILLING CO. v. BROOKS.

No. 32603.  May 6, 1947.

Rehearing Denied July 1, 1947.

*182 P. 2d 499.*

ARNOLD, J.  This is a suit for damages allegedly resulting from the violation of a written provision in an oil and gas lease whereby defendant lessee agreed that no well should be drilled nearer than 200 feet of the house and barn situated on the leased premises without written consent. Written consent was not given. A well was drilled within the restricted area and all other necessary facilities, such as slush pit, were constructed by defendant within said restricted area.

The evidence of plaintiff tends to show that he objected to the location of the slush pit because it would interfere with and prevent the use of his earthen or trench silo in the processing and preserving of his growing corn intended as feed for his cattle in the form of silage; that he was told by defendant that the drilling operations would be completed and the slush pit filled before the silo would be demanded for such special purpose; that the location and proximity of the slush pit wholly prevented the use of the silo; that his corn which he was forced to leave in the field was practically useless for any other purpose though he admitted that he pastured it; that his silo would hold 30 or more tons and he had enough growing corn to fill it; that silage was

worth at that time $15 per ton and it would have cost $3 per ton to have gathered, processed and put it in the silo; that there was suitable and available ground on the premises for the construction of another such silo and that the cost thereof would have been $30 to $50; that considerable water is used in the processing of crops into ensilage, for which purpose the plaintiff had constructed a pond in close proximity to the silo.

The court instructed the jury:

"The court instructs the jury that one cannot recover for damages which he could have avoided by the use of reasonable means at his disposal. It is the duty of everyone to avoid or lessen damages by reasonable means at his command.

"If, therefore, you should find for the plaintiff, you are instructed that the plaintiff is not entitled to recover for any damages, if any, which he could have avoided by the use of reasonable means at his disposal, but which he failed so to avoid."

On the measure of damages, the court also told the jury:

"In the event you find for the plaintiff, you will in your verdict assess the amount of his damages, if any, in such sum as you find from a preponderance of the evidence will be a just and reasonable compensation to him for the damages he has sustained, but in no event to exceed the total sum sued for on account thereof, to wit: $530.

"You are instructed that the measure of his damages for the injury to his growing crops, if any, is the value of the unmatured crops at the time of the injury. In arriving at such value, you may take into consideration the probable yield under proper cultivation, and the value of such probable yield when matured, gathered, prepared, and ready for sale; also the probable cost of proper cultivation necessary to mature the crop, as well as the cost of gathering, preparation, and transportation to market. The difference between such probable value in the market and the cost of finishing the cultivation, and

gathering, preparing and transportation to market, will represent the value at the time of loss.

"In this connection, you are further instructed that the burden is upon the plaintiff to prove by a preponderance of the evidence such values, and in arriving at such values and the difference, if any, therein, you will be controlled entirely by the evidence the court has permitted to go before you concerning the same and the rules of law given you by the court in these instructions.

"The measure of damages, if any, for buying and hauling extra feed for his cattle, will be the amount of money reasonably and necessarily expended by him, and the reasonable value of his time in hauling said feed, not to exceed the amount sued for on account thereof, to wit: $50."

The defendant contends that there was in reality no breach of the lease inasmuch as the plaintiff was there when the location of the well and other facilities was made and did not protest; that there was no negligence shown nor any injury proven to the barn or house, the only damage contemplated by the parties to the lease; that the measure of damage in this case is the cost of construction of another silo; and that the instruction on the measure of damages given by the court was erroneous and not sustained by proof.

Defendant contends that plaintiff can in no event recover any damages by reason of having been deprived of the use of his silo. It argues that such damage was not within the contemplation of the parties at the time they entered into the contract; that they only contemplated that in the event of a breach of the contract plaintiff could recover damages and only such damages as resulted to his house or barn; that since plaintiff did not allege or offer any proof that his house or barn had been damaged in any manner by reason of breach of the contract, he cannot recover, and that its motion for a directed verdict should have been sustained. This contention cannot be sustained. Defend-

ant contracted not to drill a well within 200 feet of plaintiff's house or barn. Plaintiff's silo was located within the designated area and constituted a part of the improvements on his premises. It is conceded that defendant drilled the well and located its pit within such area without written consent, and the evidence reasonably tends to show that by reason thereof plaintiff has been deprived of the use of his silo. It is conceded that the parties to the lease contemplated damages to the house or barn. The use of the words "house or barn" in the restrictive provision was for the purpose of defining the area. We think any damage that might reasonably result directly from a violation of the terms of the lease in this regard, and subject to definite proof, was within the contemplation of the parties.

The defendant knew, or should have known, the existence and location of the silo. It is common knowledge that a silo is used for only one purpose, to wit, the processing and preservation of silage, and that growing crops are used in the making of silage. It was to be reasonably expected by the defendant that interference with the use of the silo might result, as in this case, under the evidence, in inability to use the crop as intended. We think the damage here complained of was reasonably within the contemplation of the parties to the contract. Such damages, though special, are recoverable if alleged and definitely proven.

Defendant offered evidence tending to show that plaintiff could have erected a silo at a new location in two or three days and at a cost not to exceed $50, and asserts that, assuming it to be liable, plaintiff's measure of damages would be what it would have cost him to have erected a new silo. It is contended that plaintiff could not sit idly by and refuse to harvest and process his crop into ensilage when he could have, at a slight cost, erected a new silo and saved his crop. One who is injured by the acts of another is required

to do that which an ordinarily prudent person would do under similar circumstances to mitigate or lessen damages. He is, however, not required to unreasonably exert himself or to incur an unreasonable expense in order to do so. Sackett v. Rose, 55 Okla. 398, 154 P. 1177; Cities Service Gas Co. v. Eggers, 186 Okla. 466, 98 P. 2d 1114. In 25 C.J.S., p. 501, it is said:

"The efforts which the injured party must make to avoid the consequences of the wrongful act or omission need only be reasonable under the circumstances of the particular case, his duty being limited by the rules of common sense and fair dealing;"

While under the evidence plaintiff could have erected a new silo at a cost of $50, he could not have moved his water pond. The evidence shows that it requires the use of a considerable amount of water in the processing of green crops into ensilage. If, therefore, plaintiff had erected a new silo, he would necessarily have been compelled to incur an additional expense in order to procure the necessary water.

The evidence reasonably supports the finding of the jury on the question of whether the plaintiff acted prudently under the circumstances in respect to mitigation of damages.

Defendant also refers to the measure of damages as provided by 23 O.S. 1941 § 92, and asserts that the measure of damages as there defined in principle applies to the facts in the instant case. The measure of damages as provided by this section applies only in such cases of permanent deprivation of the possession of personal property and has no application whatever to one who has merely been temporarily deprived of the use of an appurtenance such as an earthen silo.

The trial court did not adopt the theory of either of the parties relative to the measure of damages. The jury was instructed on the measure of damages applicable in suits for injury or

damage to an unmatured and growing crop. Defendant excepted to this instruction and asserts that the giving thereof constitutes reversible error. This instruction should not have been given. Plaintiff did not allege nor did he attempt to prove that defendant by any acts on its part injured or damaged his unmatured and growing crop. He alleged that defendant by the construction and location of its slush pit prevented him from using his silo, thereby preventing him from processing his crop as intended and that he suffered damage by reason thereof. He offered no evidence tending to prove the value of his crop in its matured and marketable stage nor in its unmatured state. He only offered evidence tending to prove the value of ensilage in the silo had he harvested and processed his crop. He, therefore, offered no evidence on which damages could have been ascertained or calculated by the jury, under the instruction given.

The instruction was not within any of the issues raised by the pleadings or evidence in the case. We have on different occasions held that the trial court commits error in instructing the jury upon a theory or issue not supported by the evidence in the case. Bilby v. Gibson, 133 Okla. 196, 271 P. 1026; Aetna Life Ins. Co. v. Watts, 148 Okla. 28, 296 P. 977; Cosden Oil & Gas Co. v. Moss, 177 Okla. 603, 61 P. 2d 533.

Ordinarily, the measure of recovery in cases of temporary deprivation of use of property is the usable value thereof for the time the owner is deprived of its use, but in such cases, where special damages are shown as a direct result of wrongful prevention of use of property intended for a special purpose and the special damage claimed was within the contemplation of the parties at the time the contract, alleged to have been breached, was entered into, the wrongdoer will be held liable for the special damages alleged and definitely proven and shown to have resulted directly from the breach of the contract. This was the theory of the plaintiff in this case and his evidence stands uncontradicted as to the value of silage and the cost of harvesting and processing the same. Under his evidence he was entitled to recover $360. The jury returned a verdict for $356. The fact that an improper measure of damages was given in the instruction complained of and the essential elements thereof were not supported by the evidence did not apparently confuse the jury nor prejudice the substantial rights of either party to the suit. Obviously, the jury in making its determination was guided by the uncontradicted testimony as to the amount of damages suffered. The error was harmless. Sestak v. Cowan, 164 Okla. 152, 23 P. 2d 146; Wilson & Co. v. Hickey, 186 Okla. 324, 97 P. 2d 564; Shoemaker v. Gilstrap, 162 Okla. 299, 18 P. 2d 1051.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, and BAYLESS, JJ., concur.

Rehearing Denied July 1, 1947.