BAIN PEANUT COMPANY OF TEXAS ET AL. *v.* PINSON ET AL.

No. 49. Argued January 12, 1931.—Decided February 24, 1931.

*Mr. B. G. Mansell,* with 'whom *Mr. B. L. Agerton* was on the brief, for appellants.

*Messrs. Gib Callaway* and *Mark Callaway* submitted for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The Bain Peanut Company, a corporation of Texas, was sued in Comanche County of that State, being the county in which the cause of action arose. Its principal office was in Tarrant County, Texas. In due form it raised the question whether the statute of Texas (subdivision 24, Article 1830, R. S. 1911, now subdivision 23, Article 1995, R. S. 1925) that allowed suits against private corporations to be brought in any county in which the cause of action arose, was valid under the Fourteenth Amendment of the Constitution when unincorporated individuals are assumed not to be "subject to suit outside their domiciliary counties in a similar situation." We understand the Supreme Court of the State to have upheld the constitutionality of the statute, although at first we were misled by the form of the order dismissing the application for a writ of error "for want of jurisdiction." A certificate from the Court executed since the question of our jurisdiction was before us satisfies us that the form was adopted in compliance with the Court's interpretation of a statute, and that while the Court was of opinion that the judgment sought to be brought up was correct in upholding the statute, yet, since it also regarded the

opinion as incorrect in its declaration of the law, its duty was to adopt the above quoted form. The judgment below stood affirmed in fact against the fully stated objection of the appellant, and justice requires that the objection should be dealt with, although at first it seemed as if the Supreme Court was acting upon local grounds of procedure with which we have nothing to do, except when used as a cloak, which was not the case here.

Coming then to the merits, we are of opinion that the judgment was right. The interpretation of constitutional principles must not be too literal. We must remember that the machinery of government would not work if it were not allowed a little play in its joints. In deciding whether a corporation is denied the equal protection of the laws when its creator establishes a more extensive venue for actions against it than is fixed for private citizens, we have to consider, not a geometrical equation between a corporation and a man, but whether the difference does injustice to the class generally, even though it bear hard in some particular case, which is not alleged or proved here. *Louisville & Nashville R. Co.* v. *Barber Asphalt Paving Co.,* 197 U. S. 430, 434. *Patsone* v. *Pennsylvania,* 232 U. S. 138, 144. This it is for the corporation to make out. The range of the State's discretion is large. *Armour & Co.* v. *North Dakota,* 240 U. S. 510, 516, 517. The question seems to be answered by *Cincinnati Street Ry. Co.* v. *Snell,* 193 U. S. 30, 36, 37, which lays down that, if the protection of fundamental rights by equal laws equally administered is enjoyed, the Constitution does not forbid allowing one person to seek a forum from which another in the same class is excluded. But without asserting a universal proposition, it is obvious that there is likely to be such a difference between the business done by a corporation and that done by a private person that the State well may take it into account when it permits a corporation to be formed. That

the provision in question is reasonable is made more probable by the fact that it had been adopted and sustained not only in Texas but in other States. *Grayburg Oil Co.* v. *Powell,* 118 Texas 354; *Lewis* v. *South Pacific Coast R. Co.,* 66 Cal. 209; *Cook* v. *W. S. Ray Mfg. Co.,* 159 Cal. 694; *Central Georgia Power Co.* v. *Stubbs,* 141 Ga. 172; *Begley* v. *Mississippi Valley Trust Co.,* (Mo.) 252 S. W. 84; *Morrimac Veneer Co.* v. *McCalip,* 129 Miss. 671, 683. We cannot say that it is not.

> *Order dismissing appeal vacated and judgment affirmed.*