**Jay WEBSTER et al., Appellants,**

**v.**

**BOARD OF EDUCATION OF WALTON–VERONA INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 21, 1969.

Raymond R. Vincent, Duane L. Vincent, Florence, for appellants.

Asa M. Rouse, Walton, William P. McEvoy, Burlington, Sam Neace, Florence, for appellees.

EDWARD P. HILL, Judge.

On May 23, 1967, a referendum was held in the Walton-Verona Independent School District which resulted in 341 votes being cast for a special tax levy of not more than

55 cents on each $100-assessed value of property subject to taxation in the district. Two hundred ninety-nine votes were cast opposing the special levy.

On October 24, 1967, Maida Holder filed suit to "validate the election." Appellants Jay Webster and others (referred to herein as Webster) moved on November 27, 1967, that they be permitted to intervene. Their motion to intervene was sustained December 4, 1967.

The trial court granted summary judgment on the motion of the board, in which it was adjudged (1) that the election was valid in all respects and (2) that both the complaint and intervening complaint were proceedings to contest an election under KRS 122.140(1) and came too late. Webster appeals.

If the intervening complaint was a contest of the election, it came too late by the terms of the statute which limits the right of appeal to 30 days after the election. By the same token, the original complaint came too late. KRS 122.140(1).

The thrust of appellants' argument is that the intervening complaint alleged more than one claim for relief and that, therefore, the trial court was in error in granting summary judgment under CR 12.03. This argument requires a look at the allegations of the intervening complaint.

In their brief appellants call our attention to paragraphs nine and ten of the intervening complaint to substantiate their position that they raised issues other than grounds for contesting the election so as to inhibit granting summary judgment.

Paragraph nine alleges the total tax, including the voted tax, exceeds the total taxation in "other school taxing districts in Kentucky," and that the tax in question is "arbitrary, capricious, confiscatory and in violation of the Constitution." Clearly, the allegation comparing the total tax in Walton-Verona with that of other districts brings in a new issue, as does the allegation that the tax is "arbitrary, capricious, confiscatory," and unconstitutional.

Paragraph ten alleges that Walton-Verona abused its discretion "by not following the primary recommendations of the Kentucky State Board of Education as to the most desirable method for the use of the facilities of" the district and that such failure resulted in a confiscatory, arbitrary, capricious tax burden and the taking of their property "without just compensation."

The allegations of paragraph ten attempt to inject a new matter into an election contest; one that had no relation to the subject of the suit.

■ None of the conditions listed in CR 24.01 relative to the right of intervention are presented in this case. The trial court was vested with a discretion to permit the filing of the intervening complaint under CR 24.02 (Permissive Intervention). Even so, on motion for summary judgment the trial court was justified in concluding that the intervening complaint was insufficient to warrant relief, as it showed on its face it came too late as an election contest under the statute and the new issues it presented should not be adjudicated in this action.

■ The trial court could have overruled appellants' motion to intervene. The fact that the trial court allowed the filing of the intervening complaint did not preclude its treating the intervening complaint as insufficient on motion for summary judgment. Furthermore, the order allowing intervention was interlocutory in character.

■ We conclude that the allegations of the intervening complaint were insufficient and did not place this case in the category of "multiple claims" actions contemplated by CR 54.02. This leaves one issue—an undertaking to contest the election. Since both the complaint and the intervening complaint came too late, as noted above, the trial court was right in dismissing them. That part of the judgment validating the election was improper in a judgment dismissing the action as to all contestants; it, nevertheless, had the practical effect even

**958**

without being mentioned to validate the election.

The judgment is affirmed.

All concur.