The NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY, Appellant,

v.

Mrs. Barbara D. NOTTER, Appellee.

No. 4891.

Court of Civil Appeals of Texas, Waco.

May 21, 1970.

Rehearing Denied June 11, 1970.

Matthews & Thorp, Robt. E. Davis, Dallas, for appellant.

Gallagher, Wilson, Berry & Jorgenson, Bob Roberts, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is a venue case involving subdivision 27, Article 1995 Vernon's Ann.Tex.Civ.St.

Plaintiff Notter sued defendant Insurance Company on a policy of insurance in Navarro County, Texas. Defendant filed its plea of privilege to be sued in Dallas

County "where its principal place of business within the State of Texas is located". Plaintiff filed controverting plea asserting venue in Navarro County under subdivision 27, Article 1995.

Defendant is a foreign corporation with its home office and principal place of business in Nashville, Tennessee; defendant is not incorporated in Texas, but is authorized to do business in Texas; and has an agency office and representative in Navarro County, Texas.

The trial court overruled defendant's plea of privilege. Defendant appeals on one point, contending the trial court erred in overruling its plea of privilege to be sued in Dallas County, "for the reason that application of Section 27, Article 1995 VATS, to the facts of this case, contravenes the 'Equal Protection' clause of the Fourteenth Amendment to the Constitution of the United States, and Article 1, Section 3 of the Constitution of Texas [Vernon's Ann.St.]".

Defendant asserts the sole question presented is whether the more onerous venue provisions of Section 27, as distinguished from the venue provisions relating to a domestic corporation under Section 23, contravenes the "Equal Protection" clause of the Fourteenth Amendment of the United States Constitution, and Article 1, Section 3 of the Texas Constitution.

Section 27, Article 1995 provides Foreign Corporations "not incorporated by the laws of this State, and doing business within this State, may be sued * * * in any county where such company may have an agency or representative * * *".

As noted, defendant is a Tennessee Corporation, not incorporated in Texas, doing business in Texas, and has an agency and representative in Navarro County, where suit was brought. Venue is thus fixed in Navarro County by virtue of Subdivision 27.

The precise question raised by defendant was decided adversely to defendant's position in Commercial Insurance Company of Newark, New Jersey v. Adams, Tex., 369 S.W.2d 927. Such case holds: "The Houston Court of Civil Appeals in this case has held that exception 27 of Art. 1995, Vernon's Ann.Civ.Stat. is not void and unconstitutional under the 14th Amendment to the United States Constitution as affording a wider venue action against foreign corporations than is afforded against domestic corporations under Section 23 of the same article. 366 S.W.2d 801. * * *.

"We are in agreement with the decision of the Houston Court of Civil Appeals in this case. The writ of error is acordingly refused. * * *".

To the same effect is Great American Ins. Co. v. Sharpstown State Bank, Court of Civil Appeals, W/E Dismd., 422 S.W.2d 787.

Defendant's point is overruled.

Affirmed.