**AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,**

v.

**Virgil B. STARNES, Appellee.**

**No. 5362.**

Court of Civil Appeals of Texas, Waco.

Oct. 17, 1974.

Rehearing Denied Nov. 21, 1974.

Joel W. Westbrook, San Antonio, Sheehy, Lovelace & Mayfield, Waco, for appellant.

Dunnam, Dunnam & Dunnam, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a venue case involving Subdivision 27, Article 1995 Vernon's Ann.Tex. Civ.St.

Plaintiff Starnes sued defendant Insurance Company in McLennan County. Defendant filed plea of privilege to be sued in Dallas County. Plaintiff controverted asserting venue in McLennan County under Subdivision 27.

It was stipulated defendant was a foreign corporation transacting business in Texas, and that it had a local agent in McLennan County.

The trial court overruled defendant's plea of privilege.

Defendant appeals on one point: "The trial court erred in holding that venue in McLennan County was established under Subdivision 27, V.A.T.S. 1995 by a limited showing that defendant was a foreign corporation with a local recording agent in McLennan County".

Defendant asserts the question here is whether or not Subdivision 27 is unconstitutionally discriminatory because it permits a foreign corporation to be venue bound without proving a cause of action, but only by proof of the existence within the venue county of defendant foreign corporation's agent as compared with the requirement that a Texas domestic corporation can be venue bound under Subdivision 23 only if the existence of a cause of action is demonstrated.

The question has been decided adversely to defendant by our Texas Supreme Court in Commercial Ins. Co. of Newark, New Jersey v. Adams, S.Ct., 369 S.W.2d 927; and holds that exception 27, Article 1995 is not void and unconstitutional under the 14th Amendment to the United States Constitution as affording a wider venue action against foreign corporations than is afforded against domestic corporations under Section 23 of the same Article. To the same effect are Great American Ins. Co. v. Sharpstown State Bank (Tex.Civ.App. Austin) W/E Dismd., 422 S.W.2d 787; Reliance Ins. Co. v. Falknor, (Tex.Civ. App. Houston 1st) NRE, 492 S.W.2d 721; and National Life and Accident Ins. Co. v. Notter, (Tex.Civ.App. Waco) W/E Dismd., 455 S.W.2d 322. In Notter, the United States Supreme Court on March 22, 1971 "dismissed appeal for want of jurisdiction", and "denied petition for writ of certiorari", 401 U.S. 969, 91 S.Ct. 1196, 28 L.Ed.2d 319.

Defendant urges that in Humble Oil & Refining Co. (Exxon Corp. Successor) v. Preston, (Tex.Civ.App. Beaumont) W/E Dismd., 437 S.W.2d 956, presenting the question, the U. S. Supreme Court noted "probable jurisdiction", 414 U.S. 1038, 94 S.Ct. 538, 38 L.Ed.2d 328, that thereafter

**356**

appellee advised the U. S. Supreme Court he no longer opposed change of venue; and that court then remanded the case to the Beaumont Court of Civil Appeals to consider whether the venue issue was moot, 415 U.S. 904, 94 S.Ct. 1394, 39 L. Ed.2d 459, and that we should reexamine the question and declare Subdivision 27 unconstitutional; See also Humble Oil & Refining Co. (Exxon Corp. Successor) v. Preston, Beaumont Tex.Civ.App., NWH, —— S.W.2d ——. (dated June 13, 1974).

Since the U. S. Supreme Court dismissed appeal and denied writ of certiorari in Notter, supra, presenting the same question in March, 1971, we adhere to our holding in Notter, and the Texas Supreme Court in Adams, supra.

Defendant's point is overruled.

Affirmed.