# AMERICAN MOTORISTS INSURANCE CO.
## *v.* STARNES

No. 74–1481.   Argued February 23, 1976—Decided May 19, 1976

BRENNAN, J., delivered the opinion of the Court, in which STEWART, WHITE, MARSHALL, BLACKMUN, POWELL, and STEVENS, JJ., joined. BURGER, C. J., filed an opinion concurring in the judgment, in which REHNQUIST, J., joined, *post*, p. 646.

*Joel W. Westbrook* argued the cause for appellant. With him on the brief was *Matt C. C. Bristol III.*

*W. V. Dunnam, Jr.,* argued the cause for appellee. On the brief was *Fred J. Horner III.*

MR. JUSTICE BRENNAN delivered the opinion of the Court.

Appellant, American Motorists Insurance Co., is an Illinois corporation authorized to do business in Texas with its principal office in Dallas County. As such, it is a "person" and an "inhabitant" of Texas having its "domicile" in Dallas County for the purposes of Texas' general venue statute, Tex. Rev. Civ. Stat., Art. 1995 (1964). *Snyder* v. *Pitts*, 241 S. W. 2d 136 (Tex. 1951). Article 1995 provides, with specified exceptions: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile . . . ." The exceptions pertinent to this case are Exceptions 23 and 27 of Art. 1995. Under Exception 23, suits against domestic corporations may be brought outside the domiciliary county upon proof by the plaintiff at a preliminary venue hearing, not only that the Texas corporation has an agency or representative in the county of suit and that plaintiff resided in or near such county at the time his cause of action arose, but also, by proof by a preponderance of the evidence, that he has a cause of action. *Victoria Bank & Trust Co.* v. *Monteith*, 158 S. W. 2d 63 (Tex. Comm'n App. 1941). Exception 27, on the other hand, allows suit against foreign corporations, including those like appellant, that have qualified to do business in Texas, to be brought "in any county where such company may have an agency or representative," and the plaintiff is not required to prove, by a preponderance of the evidence, the elements of his cause of action at the preliminary venue hearing.[1] The question for decision

---

[1] Article 1995 provides in pertinent part:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

. . . . .

"23. Corporations and associations.—Suits against a private cor-

in this case, therefore, is whether Exception 27 effects an invidious discrimination against foreign corporations, constituting Exception 27 repugnant to the Equal Protection Clause of the Fourteenth Amendment.

Appellee Starnes, a resident of McLennan County, sued appellant in the District Court for McLennan County under the uninsured-motorist provisions of a liability insurance policy issued to appellee by appellant. The automobile collision out of which this cause of action and appellee's damages arose occurred in Tarrant County. Appellant filed a plea of privilege to be sued in the county of its residence, Dallas County. A plea of privi-

poration, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; or, if the corporation, association, or joint stock company had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation, association or joint stock company then had an agency or representative. Suits against a railroad corporation, or against any assignee, trustee or receiver operating its railway, may also be brought in any county through or into which the railroad of such corporation extends or is operated. Suits against receivers of persons and corporations may also be brought as otherwise provided by law.

. . . . .

"27. Foreign corporations.—Foreign corporations, private or public, joint stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside."

lege is a verified pleading by which, under Texas practice, a defendant challenges the venue of a suit. 'Tex. Rule Civ. Proc. 86. Appellee filed a controverting plea, a verified pleading by which, under Texas practice, the plaintiff states specifically the grounds relied upon to confer venue under one or more exceptions in Art. 1995. *Ibid.* The controverting plea asserted venue by virtue of both Exceptions 23 and 27, but at the preliminary venue hearing, appellee relied exclusively upon Exception 27 and a stipulation of the parties that appellant was a foreign corporation transacting business in Texas and that it had a local agent in McLennan County. Although appellant's counsel inquired "if Plaintiff has any evidence other than that contained in the stipulation" and appellee's counsel answered: "Not at this time," App. 15, appellee was not required by the court, nor did he attempt, to offer evidence as to any of the elements of his cause of action. The District Court overruled appellant's plea of privilege.

Appellant's appeal to the Court of Civil Appeals of Texas presented the single question whether Exception 27 "is unconstitutionally discriminatory because it permits a foreign corporation to be venue bound without [plaintiff's] proving a cause of action, but only . . . the existence within the venue county of defendant foreign corporation's agent as compared with the requirement that a Texas domestic corporation can be venue bound under Subdivision 23 only if the existence of a cause of action is demonstrated." 515 S. W. 2d 354, 355 (1974). The Court of Civil Appeals, relying upon a decision of the Texas Supreme Court, *Commercial Ins. Co.* v. *Adams,* 369 S. W. 2d 927 (1963),[2] held that "exception 27, Article

---

[2] *Commercial Ins. Co.* v. *Adams* was a *per curiam* affirmance of a holding of the Houston Court of Civil Appeals, 366 S. W. 2d 801 (1963), that Exception 27 is not void and unconstitutional under

1995 is not void and unconstitutional under the 14th Amendment to the United States Constitution as affording a wider venue action against foreign corpora-

---

the Equal Protection Clause. In rejecting the contention that the difference in treatment of foreign corporations under Exception 27 from that of domestic corporations under Exception 23 violated equal protection, the Court of Civil Appeals stated:

"There is no contention that the same and equal laws are not applicable and administered in all counties of Texas. Subdivision 27 applies to all foreign corporations. It is a matter of common knowledge that many foreign corporations do business in this state without taking advantage of the laws of this state authorizing them to do business in Texas and subjecting them to regulation. It would be difficult, if not impossible, for a plaintiff to ascertain the principal office of a foreign corporation not authorized to do business in this state. A foreign corporation qualified to do business in this state may designate as its principal office a county remote from the population centers of the state, in which it conducts little or no business since its principal office, in fact, ordinarily will be maintained in the state of incorporation. A domestic corporation would be likely to find such a procedure uneconomical. Competitive factors probably would dictate that its principal office be located where it intends to conduct its business. Thus the foreign corporation is favored over the domestic concern when it is permitted to choose any city as its principal place of business.

"There is little doubt that the difficulty of securing service on foreign corporations was a factor inducing the legislature to provide a wide venue for actions against them. . . .

"The degree of effective control which the state may exercise over domestic corporations as opposed to foreign corporations in general justifies the classification adopted by the state legislature. The state policy in this respect is not so arbitrary as to be unconstitutional. As regards foreign corporations submitting to a certain degree of control by qualifying to do business in the state, the justification is less evident, but nevertheless the state is not able to give its citizens the same assurance of effective redress for injuries committed by foreign corporations as it can in the case of domestic corporations. . . .

"It could well be that the legislature had in mind spreading litigation involving foreign corporations among the various courts of the

tions than is afforded against domestic corporations under Section 23 of the same Article." 515 S. W. 2d, at 355. The Supreme Court of Texas dismissed appellant's application for writ of error "for want of jurisdiction." We noted probable jurisdiction, 423 U. S. 819 (1975).[3] We affirm.

We are unable to say that the treatment of foreign corporations effected by Exception 27 constitutes discrimination repugnant to the Equal Protection Clause. The gist of appellant's argument is that, because Exception 27 does not require that plaintiff demonstrate the existence of his cause of action, there was "[d]enied to appellant . . . a virtually unique opportunity afforded to domestic corporations, to preview its adversary's case in chief (except as to the extent of damages); to cross-examine plaintiff's witnesses as to the nature and existence of the alleged cause of action; to obtain from the Court a venue ruling which would, under the circumstances, be tantamount to a judicial assessment of plaintiff's cause of action; to nip a frivolous or baseless claim 'in the bud,' before it could escalate into a lengthy, complex and time-consuming lawsuit; and finally, to obtain,

---

state in order to avoid the possibility of increasing the congested condition of the dockets of the metropolitan courts. . . . The burden of proving unconstitutionality of this statute rests on appellant more heavily in view of the fact that the act attacked was undoubtedly constitutional when enacted and the question of its legality at this time arises, not by reason of a change in its provisions, but by reason of the enactment of a statute amending Section 23, and not because discriminatory burdens have been placed on foreign corporations, but because the same burden has been removed from domestic corporations." 366 S. W. 2d, at 808–809.

[3] Appellant has invoked this Court's jurisdiction under 28 U. S. C. § 1257 (2), which requires that the judgment for which review here is sought be final. For the reasons stated in *Mercantile Nat. Bank* v. *Langdeau*, 371 U. S. 555, 558 (1963), the judgment presently before the Court is final for purposes of § 1257 (2).

by demanding a jury trial of the venue facts, either an early trial on the merits or at least a preliminary assessment by a jury of the plaintiff's credibility." [4]  It was suggested at oral argument, however, that the actual burden imposed upon the plaintiff falls far short of proving his cause of action by a preponderance of the evidence. While Texas case law seems to reject proof of a prima facie case as sufficient, see *Victoria Bank & Trust Co.* v. *Monteith,* 158 S. W. 2d,. at 66–67, the parties suggest that in practice the venue proceedings are usually truncated and that prima facie proof is regarded as meeting the plaintiff's burden. [5]  In that circumstance the domes-

---

[4] Brief for Appellant 17–18.  Texas Rule Civ. Proc. 87 provides that where a jury trial is demanded on a venue issue, "the court, in its discretion, may require the cause to be tried on its merits at the same time."  Despite the absence of any limitation of this provision to suits against domestic corporations, appellant's argument implies that the provision is inapplicable to suits against foreign corporations, thereby denying them opportunity for an early trial on the merits.  We have no occasion, however, to address the question whether, if applicable also to suits against foreign corporations, appellant could have eliminated this ground of their equal protection complaint simply by demanding a jury trial.  No jury trial was demanded, and therefore we decide the equal protection issue in the context of the bench trial that occurred.

[5] This was disclosed by appellee's counsel at oral argument:

"[T]echnically, legally, according to decisions, it is preponderance of the evidence as a matter of actual truth and fact and then, in factual analysis, it was simply a matter of prima facie proof.

"Actually, the way the practice goes, a man makes out a prima facie case.  He doesn't show anything other than a prima facie case. The trial judge—I have never known of one to cite it just on weighing the evidence and actual facts.  If he makes out a prima facie case, the plea of privilege is overruled.

"That was the law for many, many years in the State of Texas and then they changed it to preponderance of the evidence and of course, trial courts being jealous of their own jurisdiction, your Honor, if a man files a case in this Court, if he shows that there was

tic corporate defendant would not appear to enjoy any appreciable advantage denied the foreign corporate defendant. At most the plaintiff suing a domestic corporation is subjected to some measure of discovery. But Texas has a summary judgment procedure, Tex. Rule Civ. Proc. 166–A, and broad pretrial discovery procedures, Rules 167–170, 177a, 186–215c, 737; and they are equally available to the foreign corporate defendant. We cannot say in that circumstance that the foreign corporate defendant suffers any discrimination in being denied comparable discovery available to the domestic corporation at a preliminary venue hearing. For, as the Court said in an analogous context: "[I]t is fundamental rights which the Fourteenth Amendment safeguards and not the mere forum which a State may see proper to designate for the enforcement and protection of such rights. Given therefore a condition where fundamental rights are equally protected and preserved, it is impossible to say that the rights which are thus protected

---

a collision and his client says the light was green for him, the other— the defendant takes the stand, which they never do. The defendant never puts any evidence on a plea of privilege." Tr. of Oral Arg. 23.

Appellant's counsel appeared tacitly to concede that this was the case:

"QUESTION: Normally, what is it, sort of a prima facie case and just hears the plaintiff?

"MR. WESTBROOK: No, sir, it has to go beyond that. In our trials court, he has to prove it by the preponderance of the evidence but of course, if a judge is the finder of facts in this kind of preponderance business, it is not likely to be upset that it was the preponderance of the evidence." *Id.*, at 10.

Where a jury trial is demanded on a venue issue, however, the proceedings are not truncated, for then, under Tex. Rule Civ. Proc. 87, trial is usually also had on the merits. Tr. of Oral Arg. 22. But in that event, venue proceedings are effectively waived and the domestic defendant enjoys no advantage over the foreign defendant by virtue of any sort of opportunity to preview the plaintiff's case.

and preserved have been denied because the State has deemed best to provide for a trial in one forum or another. It is not under any view the mere tribunal into which a person is authorized to proceed by a State which determines whether the equal protection of the law has been afforded, but whether in the tribunals which the State has provided equal laws prevail." *Cincinnati Street R. Co.* v. *Snell,* 193 U. S. 30, 36–37 (1904). We are not confined to the language of the statute under challenge in determining whether that statute has any discriminatory effect. Just as a statute nondiscriminatory on its face may be grossly discriminatory in its operation, *Williams* v. *Illinois,* 399 U. S. 235, 242 (1970); *Griffin* v. *Illinois,* 351 U. S. 12, 17 n. 11 (1956), so may a statute discriminatory on its face be nondiscriminatory in its operation. There being no discriminatory effect achieved by the aspects of the Texas venue provisions calling for establishment of a cause of action, we have no difficulty in concluding that appellant's equal protection challenge to Exception 27 must be rejected.[6]

Beyond the superficial requirement of proof of a cause of action, the Texas venue statute, as noted, provides

---

[6] Our conclusion makes unnecessary consideration of appellant's argument that *Power Mfg. Co.* v. *Saunders,* 274 U. S. 490 (1927), requires invalidation of Exception 27. Though more recent decisions raise the question whether *Saunders* continues to be good law, *Allied Stores of Ohio* v. *Bowers,* 358 U. S. 522 (1959); *Metropolitan Cas. Ins. Co.* v. *Brownell,* 294 U. S. 580 (1935); *Bain Peanut Co.* v. *Pinson,* 282 U. S. 499 (1931), as appellant argues, the Court in *Saunders* did conclude that the venue statute involved there treated foreign corporations without reasonable basis and arbitrarily. That statute allowed a suit for personal injuries to be brought against a foreign corporation in any county, without regard to whether the corporation maintained an agent there, whereas actions of the same character, if against a domestic corporation, had to be brought in a county where it had a place of business or in which its chief officer resided.

broader venue geographically for suits against foreign corporations than for suits against domestic corporations. Appellant, however, does not challenge this difference. See Tr. of Oral Arg. 4–5. In any event, proof of cause of action aside, under Texas law, a domestic corporation may be sued in the plaintiff's county of residence provided the corporation has an agency or representative in that county. The situation of appellant is precisely the same. It is undisputed that the appellant was sued in the plaintiff's county of residence and that appellant had an agent in that county.

*Affirmed.*

MR. CHIEF JUSTICE BURGER, with whom MR. JUSTICE REHNQUIST joins, concurring in the judgment.

Like the Court, I am "unable to say that the treatment of foreign corporations effected by Exception 27 constitutes discrimination repugnant to the Equal Protection Clause." I reach this conclusion, however, for somewhat different reasons from those the Court sets out.

A plaintiff may sue a foreign or domestic corporation in Texas without proving up a cause of action at a preliminary hearing, by a preponderance of the evidence or by making out a prima facie case. The only "discrimination" between the two types of corporations is that a foreign corporation may be sued without such proof wherever it has "an agency or representative." Tex. Rev. Civ. Stat., Art. 1995, Exception 27 (1964). In my view, this does not amount to a denial of equal protection. "It is not . . . the mere tribunal into which a person is authorized to proceed by a State which determines whether the equal protection of the law has been afforded, but whether in the tribunals which the State has provided equal laws prevail." *Cincinnati Street R. Co.*

v. *Snell*, 193 U. S. 30, 37 (1904). To the extent that the statute treats foreign corporations differently, the difference has a rational basis.

> "The degree of effective control which the state may exercise over domestic corporations as opposed to foreign corporations in general justifies the classification adopted by the state legislature. The state policy in this respect is not so arbitrary as to be unconstitutional. As regards foreign corporations submitting to a certain degree of control by qualifying to do business in the state, the justification is less evident, but nevertheless the state is not able to give its citizens the same assurance of effective redress for injuries committed by foreign corporations as it can in the case of domestic corporations." *Commercial Ins. Co.* v. *Adams*, 366 S. W. 2d 801, 808–809 (Tex. Civ. App.), writ refused, 369 S. W. 2d 927 (Tex. 1963).

In *Bain Peanut Co.* v. *Pinson*, 282 U. S. 499, 501 (1931), this Court held: "The interpretation of constitutional principles must not be too literal. We must remember that the machinery of government would not work if it were not allowed a little play in its joints." See also *Power Mfg. Co.* v. *Saunders*, 274 U. S. 490, 497 (1927) (Holmes, J., dissenting).

Appellee invoked the broad Texas provision for venue of suits against foreign corporations to sue in McLennan County, where appellant had an agent. Had appellant been a domestic corporation, the analogous venue provision would have permitted appellee to bring suit only in the corporation's home county. In neither instance would appellee have been required to prove up his cause of action in order to show proper venue, and there is thus no difference in the treatment of the two types of corporations beyond the provision for broader

venue against foreign corporations. In my view, this case raises no other issue.

It is true that, had appellant been a domestic corporation, appellee might also have sued in McLennan County, under a provision that permits suits against domestic corporations to be brought in the county where the plaintiff resided when the cause of action accrued, so long as the corporation has an agent there. Tex. Rev. Civ. Stat., Art. 1995, Exception 23 (1964). Had appellee used Exception 23 to sue this hypothetical domestic corporation outside its home county, the corporation could have required him to prove up his cause of action in order to show proper venue. The Court implies that *this* difference in treatment would create an equal protection problem were it not for the fact that the state courts do not really require proof of the cause of action by a preponderance of the evidence. Because a similarly situated domestic corporation could not have required appellee to use Exception 23, I fail to see how appellant could have a "right" to the procedures that attend its use, or how appellant was denied anything that a domestic corporation would have had.

It seems to me, in short, that the Court has posed a synthetic problem by casting the issue as it does. To dispose of it, the Court proceeds to rely on a rather novel proposition: so long as counsel for a private litigant states, on oral argument in this Court, that, in spite of what the state courts say to the contrary, the State does not in most cases enforce a law discriminatory on its face, this Court will uphold the law. I cannot believe the Court would accept this proposition in any case that presented a serious issue of equal protection, and I prefer not to rely upon it in this case.