COASTAL STATES GAS PRODUCING COMPANY et al., Appellants,

v.

CITY OF McALLEN et al., Appellees.

No. 1125.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1976.

Frank Nesbitt, Wood, Burney, Nesbitt & Ryan, Joseph A. Cohn, Jr., Corpus Christi, William E. York, McAllen, for appellants.

Rankin, Kern & Martinez, McAllen, for appellees.

OPINION

NYE, Chief Justice.

This case is an appeal from a denial by the trial court of the appellants' plea of privilege. The appellants are foreign corporations doing business in the State of Texas. The trial court denied the appellants' pleas under § 27 of Article 1995, Tex.Rev.Civ.Stat.Ann. (1964).

The sole question presented to this Court is whether or not § 27, Art. 1995, violates the equal protection clause of the 14th Amendment to the U. S. Constitution by

permitting venue against foreign corporations to be held in a county other than their residences solely upon proof that the corporate defendant is a foreign corporation, and has an agent or representative in the county where the suit is filed. This question has circulated through the various courts of this State for a number of years. For instance, this Court held in *Southwestern Bell Tel. Co. v. Thomas*, 535 S.W.2d 686 (Tex.Civ. App.—Corpus Christi 1976, writ filed), that Subdivision 27 of Article 1995 was not unconstitutional for affording wider venue against foreign corporations than domestic corporations.

The question has now been laid to rest by the U. S. Supreme Court in *American Motors Insurance Company v. Starnes*, —— U.S. ——, 96 S.Ct. 1800, 48 L.Ed.2d 263 (1976). In the *American Motors* case, the U. S. Supreme Court held that § 27 of Art. 1995 does not violate the equal protection clause of the 14th Amendment. This decision affirmed the judgment of the Waco Court of Civil Appeals (515 S.W.2d 354, 1974) which was predicated on a decision by the Texas Supreme Court in *Commercial Insurance Company v. Adams*, 369 S.W.2d 927 (1963) also holding that § 27 of Art. 1995 did not violate the 14th Amendment.

It is evident by the above cited authorities that the appellants' points of error before this Court have been rejected by both the highest court of this State and the highest court of this nation. We, therefore, overrule the appellants' points of error and affirm the judgment of the trial court.

AFFIRMED.