632 P.2d 1176

**AETNA FINANCE COMPANY,
Plaintiff-Appellee,**

v.

**Menardo A. GUTIERREZ, Defendant,**

**and**

**Patsy G. Gutierrez and Annie Benavidez,
Defendants-Appellants.**

**No. 13269.**

Supreme Court of New Mexico.

Aug. 26, 1981.

Clark de Schweinitz, Juan R. A. Valenciz, Santa Fe, William S. Keller, Las Vegas, for defendants-appellants.

Glass & Fitzpatrick, Charles N. Glass, Stephen K. Kortemeier, Albuquerque, for plaintiff-appellee.

## OPINION

EASLEY, Chief Justice.

Aetna Finance Company (Aetna) sued the Gutierrezes in Bernalillo County alleging default on a consumer loan contract. The Gutierrezes moved to dismiss claiming improper venue under Section 38–3–1, N.M.S. A.1978. The court denied the motion and the Gutierrezes appealed. We reverse.

This case presents issues of first impression in New Mexico: (1) whether a foreign corporation, authorized to do business in this state, is a resident of the county of its principal place of business for the purpose of laying venue; and (2) if not, since the statute allows a domestic corporation to sue in the county of its residence, whether the

venue statute unreasonably discriminates against foreign corporations so as to deny them equal protection.

Aetna is a Delaware corporation licensed to do business in this state. It maintains offices throughout the state, including offices in Albuquerque and Santa Fe. The Albuquerque office is listed with the Corporation Commission as its principal place of business.

None of the defendants reside in Bernalillo County; all reside in Santa Fe County except one whose residence is unknown. The loan contract which is the subject of this action was negotiated and entered into at Aetna's Santa Fe office. The property which Aetna seeks to replevy is also located in Santa Fe County.

### 1. *Status of Foreign Corporations for Purpose of Venue.*

As a general rule, a corporation is considered a resident only of its state of incorporation, and cannot be a resident of any other state. *Seaboard Co. v. Chicago, etc., Ry. Co.*, 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633 (1926). Various exceptions have been carved into this rule, however, and the question of whether a foreign corporation has acquired a local residence may depend upon the particular context in which the question arises. *See* 36 Am.Jur.2d, *Foreign Corporations*, § 34 (1968) and cases collected therein. No clear trend appears among the decisions of the courts of other states which have considered this question. The apparent inconsistencies in these cases are attributed to the differences in venue statutes and the construction of those statutes by the various courts. 20 C.J.S. *Corporations* § 1906 (1940). Our case is one which turns solely on construction of New Mexico's venue statute.

Section 38–3–1 provides, in part:

All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows, and not otherwise:

A. first, except as hereinafter provided in Subsection F of this section, relating to foreign corporations, all transitory actions shall be brought in the county where either the plaintiff or defendant or some one of them, in case there be more than one of either, resides; or second, in the county where the contract sued on was made or is to be performed, or where the cause of action originated or indebtedness sued on was incurred; or third, in any county in which the defendant or either of them may be found in the judicial district where the defendant resides;

\*    \*    \*    \*    \*    \*

F. suits may be brought against transient persons or nonresidents in any county of this state, except that suits against foreign corporations, admitted to do business and which designate and maintain a statutory agent in this state upon whom service of process may be had, shall only be brought in the county where the plaintiff or some one of them, in case there be more than one, resides or in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued on was incurred, or in the county where the statutory agent designated by such foreign corporation   \*  \*  \*.

Aetna argues that Subsection F applies, by its own terms, only to suits *against* foreign corporations. Since this action was brought *by* a foreign corporation, Subsection A applies and the action may be brought in the county where either the plaintiff or defendant resides. Aetna contends that it has established "residence" in Bernalillo County as the county of its principal place of business in this state.

We agree that Subsection F applies only to suits brought *against* foreign corporations and therefore does not govern venue in this action. However, the salient point here is that Subsection F places foreign corporations within the class of nonresidents. It provides: "suits may be brought against *transient persons* or *nonresidents* in

any county of this state, *except* that suits against *foreign corporations* * * *." [Emphasis added.] This phrase places foreign corporations within a class of persons defined as "transient persons" and "nonresidents." By definition, neither transient persons nor nonresidents have a legal residence within the jurisdiction. *See Black's Law Dictionary* 953 and 1343 (5th ed. 1979).

■ The language of the Legislature controls and must be read and understood according to its grammatical sense, unless it is clear that something different was intended. *See In re Goldsworthy's Estate*, 45 N.M. 406, 115 P.2d 627 (1941). The plain grammatical meaning of Subsection F is that foreign corporations are nonresidents. No contrary intention appears. In fact, by the inclusion of Subsection F the Legislature clearly intended to treat foreign corporations (as well as other nonresidents and transient persons) somewhat differently than residents. Thus the conclusion that foreign corporations are nonresidents is consistent with the distinction drawn in the statute between residents and foreign corporations.

■ We hold that, under the plain and unambiguous language of Section 38–3–1, foreign corporations are considered nonresidents of this state for the purpose of venue.

Since Subsection F provides venue rules only for suits *against* foreign corporations, we must return to Subsection A to determine where venue is proper in suits brought by foreign corporations. It provides that suit may be brought in the county where either the plaintiff or defendant resides, where the contract sued on was made or is to be performed, or where the cause of action or indebtedness was incurred.

■ The only basis for venue in Bernalillo County in this action was that it was the county of Aetna's alleged "residence." Since Aetna has no legal residence in this state for venue purposes, the trial court erred in denying the motion to dismiss.

## 2. *Constitutionality of Venue Statute.*

In the alternative, Aetna contends that the statute denies it equal protection of the laws because a domestic corporation is allowed to bring suit in the county of its residence while a foreign corporation is not.

■ A presumption exists in favor of the validity of legislation. *Espanola Housing Authority v. Atencio*, 90 N.M. 787, 568 P.2d 1233 (1977). The equal protection clause does not prohibit different classifications for legislative purposes. *Shope v. Don Coe Const. Co.*, 92 N.M. 508, 590 P.2d 656 (Ct.App.1979). A legislative classification may not be arbitrary or unreasonable and will be struck down "if [it] is so devoid of reason to support it, as to amount to a mere caprice. * * * [Citation omitted.] If any state of facts can be reasonably conceived which will sustain the classification, there is a presumption that such facts exist." *Board of Trustees of Town of Las Vegas v. Montano*, 82 N.M. 340, 343, 481 P.2d 702, 705 (1981).

The United States Supreme Court held in *American Motorists Ins. Co. v. Starnes*, 425 U.S. 637, 96 S.Ct. 1800, 48 L.Ed.2d 263 (1976), a Texas venue statute which allowed suits against a domestic corporation outside of the county of its domicile only if the plaintiff proved, by a preponderance of the evidence, the elements of his cause of action at a preliminary venue hearing did not violate equal protection. The statute allowed suit to be brought against a foreign corporation in any county in which it had an agency or representative without requiring the plaintiff to make this preliminary showing. The Court upheld the statute against a claim that it constituted unreasonable discrimination against foreign corporations, stating:

[I]t is fundamental rights which the Fourteenth Amendment safeguards and not the mere forum which a State may see proper to designate for the enforcement and protection of such rights. Given therefore a condition where funda-

mental rights are equally protected and preserved, it is impossible to say that the rights which are thus protected and preserved have been denied because the State has deemed best to provide for a trial in one forum or another. It is not under any view the mere tribunal into which a person is authorized to proceed by a State which determines whether the equal protection of the law has been afforded, but whether in the tribunals which the State has provided equal laws prevail.

*Id.* at 644–45, 96 S.Ct. at 1804 (quoting *Cincinnati Street R. Co. v. Snell*, 193 U.S. 30, 36–37, 24 S.Ct. 319, 321–22, 48 L.Ed. 604 (1904)).

Aetna relies on *Power Co. v. Saunders*, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165 (1927), in which the Court struck down an Arkansas statute which allowed suit against foreign corporations in any county of the state, but allowed suit against domestic corporations only in counties in which the corporation did business or maintained an office or agent.

The Court in *American Motorists Ins. Co.,* supra at n. 6, pointed out that the continued validity of *Power Co.* had been questioned, citing *Allied Stores of Ohio v. Bowers*, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959); *Metropolitan Cas. Ins. Co. v. Brownell*, 294 U.S. 580, 55 S.Ct. 538, 79 L.Ed. 1070 (1935); *Bain Peanut Co. v. Pinson*, 282 U.S. 499, 51 S.Ct. 228, 75 L.Ed. 482 (1931). At any rate, we believe that *Power Co.* is distinguishable from the present situation. The Court there emphasized the "real and substantial" discrimination which resulted from the venue statute, noting that "[i]f [a foreign corporation] be present in a single county, * * * it is made subject to suit not merely in that county, but in any of the 74 other counties although it be not present in them in any sense." 274 U.S. at 493, 47 S.Ct. at 679.

Examining Section 38–3–1 in this light, we conclude that the statute does not discriminate against foreign corporations in any "real and substantial" manner. Foreign corporations may sue a resident in the county of the defendant's residence, in the county where the contract was made or to be performed, or in the county where the cause of action originated or the indebtedness was incurred. Aetna maintains an office in Santa Fe County and the defendants dealt solely with the Santa Fe office. Venue would thus be appropriate in Santa Fe County, where the defendants reside and the contract was made. Aetna's fundamental right to access to our courts is thus fully protected.

We hold that the classification of foreign corporations in the venue statute is not so arbitrary or unreasonable as to constitute a denial of equal protection.

The cause is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE and RIORDAN, JJ., concur.

FEDERICI, J., respectfully dissenting.