(836 P.2d 1193)

No. 67,027

Marty Louis Kenyon, *Appellant*, v. Kansas Power & Light Company d/b/a KPL Gas Service Company, *Appellee*.

Opinion filed July 10, 1992.

*Donald W. Vasos*, of Vasos, Kugler & Dickerson, of Kansas City, for appellant.

*Jeffrey S. Southard*, of the Kansas Power and Light Company, of Topeka, for appellee.

Before Briscoe, C.J., Rulon and Lewis, JJ.

LEWIS, J.: This is an interlocutory appeal by the plaintiff. At issue is whether the trial court erred in changing venue from Wyandotte County to Leavenworth County. We affirm and remand the matter for trial in Leavenworth County.

The underlying action is one for personal injuries sustained while painting a commercial apartment building in Leavenworth. During the process, plaintiff apparently made contact with an uninsulated overhead power line maintained and owned by defendant. The power line was energized with 7,620 volts of electricity, and, upon making contact with it, plaintiff sustained serious injuries. The accident took place in Leavenworth County, and, at the time of the accident, plaintiff was a resident of Leavenworth County.

Plaintiff filed a timely petition in Wyandotte County seeking to recover $840 in property damage and in excess of $50,000 for his personal injuries. Defendant moved to dismiss the action, claiming that venue was improperly laid in Wyandotte County. The trial court refused to dismiss, but it did agree that venue was improper and ordered the action transferred to Leavenworth County.

The trial court noted the venue issue should be resolved by the appellate courts as soon as possible and made the necessary findings to expedite such an appeal. We granted plaintiff's application to file an interlocutory appeal.

## JURISDICTION

Defendant argues that plaintiff has acquiesced in the judgment of the trial court and that the appeal should be dismissed. This argument is based on the claimed fact that plaintiff is proceeding with discovery and other matters in Leavenworth County.

The defendant's argument on acquiescence has no factual support in the record. We have examined the record carefully and can find nothing from which we can conclude that plaintiff has acquiesced in the judgment. It is well settled that the burden is on a party to designate a record sufficient to present its points to the appellate court and to establish its claims. *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, 602, 647 P.2d 1268 (1982).

The facts recited in defendant's brief to indicate acquiescence are without citation to the record. The Supreme Court rules

governing recitation of facts in a party's brief provide: "The facts stated therein shall be keyed to the record on appeal so as to make verification reasonably convenient. *Any material statement made without such a reference may be presumed to be without support in the record.*" Supreme Court Rules 6.02, 6.03 (1991 Kan. Ct. R. Annot. 24). (Emphasis added.) Accordingly, we presume that the statements concerning acquiescence made in the brief of the appellee are without support in the record. Further, assertions or arguments of counsel before the trial court or in appellate briefs neither constitute evidence nor remedy inadequacy in the record on appeal. *City of Overland Park v. Barnett*, 10 Kan. App. 2d 586, 595, 705 P.2d 564 (1985); *Rural Water Dist. No. 6 v. Zeigler Corp.*, 9 Kan. App. 2d 305, 310, 677 P.2d 573, *rev. denied* 235 Kan. 1042 (1984). We also point out that statements by counsel in oral argument before this court are treated in the same manner.

We find no factual support for defendant's claim of acquiescence in the record, and we hold it to be without merit.

## VENUE

The question we must determine is where venue is properly laid under the facts. The plaintiff argues that venue should be in Wyandotte County and that the trial court erred in transferring venue to Leavenworth County. Defendant submits, with equal fervor, that venue is properly laid in Leavenworth County and that the trial court did not err in its actions.

The answer to the question at hand is found in K.S.A. 1991 Supp. 60-606, which provides:

"(a) *Except as provided by subsection (b),* any action brought against a public utility, common carrier or transportation system for any liability or penalty or forfeiture, may be brought in any county into or through which such public utility, common carrier or transportation system operates regularly.

"(b) Any action brought against a public utility, common carrier or transportation system *for damages arising from personal injury, resulting in death or otherwise,* shall be brought in either the county in which the injury occurred or in the county in which the plaintiff resided at the time of injury." (Emphasis added.)

The facts of this case indicate that the injury occurred in Leavenworth County and that plaintiff resided, at the time of the

injury, in Leavenworth County. Plaintiff, on the other hand, argues that, since he included an $840 property damage claim along with his $50,000 personal injury claim, 60-606(a) applies. If plaintiff is correct, venue was properly laid in Wyandotte County, since defendant regularly operates in that county. We conclude that plaintiff's argument in this regard is without merit.

The statute is straightforward and clear in its meaning. K.S.A. 1991 Supp. 60-606(a) applies in all actions *"[e]xcept as provided by subsection (b)."* (Emphasis added.) Subsection (b) controls venue when the action is one involving damages arising from personal injury or death. Although plaintiff has a cause of action for property damage included in his petition, as well as one for personal injuries, the action is clearly not one contemplated by 60-606(a) and is governed by 60-606(b). As we read the statute, subsection (a) applies to all actions against a public utility except those involving damages arising from personal injuries. These actions are governed by subsection (b). The action filed by plaintiff is, at least in part, an action seeking to recover damages for personal injuries and is, therefore, governed by the language *"[e]xcept as provided by subsection (b)."* We hold that an action against a public utility seeking to recover property damage and damage for personal injuries or death is controlled by K.S.A. 1991 Supp. 60-606(b). Venue in this action was in the county where the accident occurred or where the plaintiff resided. In this case, both elements of venue are found in Leavenworth County. Neither element can be located in Wyandotte County. We hold the trial court did not err in transferring venue to Leavenworth County.

Further:

"It is the duty of the court to reconcile different statutory provisions so as to make them consistent, harmonious, and sensible. [Citation omitted.] General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling. [Citation omitted.]" *Kansas Racing Management, Inc. v. Kansas Racing Comm'n*, 244 Kan. 343, 353, 770 P.2d 423 (1989).

K.S.A. 1991 Supp. 60-606(a) is the general statute relating to venue in actions against public utilities. K.S.A. 1991 Supp. 60-606(b) is a special statute and relates to actions against public

utilities when the nature of the action is to recover for personal injuries or death. Plaintiff's petition, which includes causes of action for both property damage and personal injury, appears to create a conflict between subsection (a) and subsection (b); and, under the rule stated above, subsection (b) will prevail. We see no indication that the legislature intended to make subsection (a) controlling in a case of this nature.

In addition, we believe our decision is consistent with the admonition to harmonize and make consistent different statutory provisions. K.S.A. 1991 Supp. 60-606(a) allows the property damage claim to be filed in any county where defendant operates regularly, and that includes Leavenworth County. The personal injury claim must be filed in Leavenworth County under 60-606(b). Our decision that Leavenworth County is the county of proper venue harmonizes and makes subsections (a) and (b) as consistent as possible and avoids a conflict between those two subsections.

## CONSTITUTIONALITY

Plaintiff contends that K.S.A. 1991 Supp. 60-606(b) violates the Equal Protection Clause of the Kansas Constitution Bill of Rights. (Sections 1 and 18.) This presents a question of law in which our scope of review is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988). The Bill of Rights of the Kansas Constitution provides in part:

"§ 1. Equal rights. All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness.

. . . .

"§ 18. Justice without delay. All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay."

Plaintiff argues that his rights to equal protection under the law are being infringed on in at least two ways. First, he maintains that defendant public utilities are treated differently than other corporate defendants in cases involving personal injury as a result of the venue options being more limited. He then argues that personal injury plaintiffs who also have suffered property damage by the negligence or fault of a public utility are treated differently than personal injury plaintiffs who did not suffer any property

damage. We consider plaintiff's constitutional arguments to be strained and without merit.

In reviewing arguments concerning equal protection, the courts have offered analysis under a "rational basis" review and a "heightened scrutiny" review. We must first determine which standard of review is to be applied in the instant matter.

Generally, legitimacy and gender-based classifications are reviewed under "heightened scrutiny." *State v. Risjord*, 249 Kan. 497, 502, 819 P.2d 638 (1991). Plaintiff fails to point out to us any reason for us to conclude that because of his equal protection claim he is a member of a "quasi-suspect" class deserving "heightened scrutiny." See *Risjord*, 249 Kan. at 502. " 'Traditionally, the yardstick for measuring equal protection arguments has been the "[rational] basis" test.' " *Bair v. Peck*, 248 Kan. 824, 831, 811 P.2d 1176 (1991). Plaintiff has failed to explain why the statute deserves a "heightened scrutiny." For that reason, as well as for others, we conclude the "rational basis" test is the proper review to apply to the facts at hand.

Plaintiff, in oral argument, stated to this court on several occasions that he was somehow being denied a "remedy." We disagree with plaintiff's argument in this regard. The remedy is to file suit in a proper forum and recover his damages. Plaintiff is not being denied a remedy to seek proper redress for his damages. The only thing plaintiff is being denied by the statute is the right to pick the county of venue. Plaintiff fails to demonstrate to us how he has suffered any prejudice or harm as a result of the legislature's enactment of the venue statute.

In general, when venue statutes have been attacked as unconstitutional, that attack has been unsuccessful.

" '[I]t is fundamental rights which the Fourteenth Amendment safeguards and not the mere forum which a State may see proper to designate for the enforcement and protection of such rights. Given therefore a condition where fundamental rights are equally protected and preserved, it is impossible to say that the rights which are thus protected and preserved have been denied because the State has deemed best to provide for a trial in one forum or another. It is not under any view the mere tribunal into which a person is authorized to proceed by a State which determines whether the equal protection of the law has been afforded, but whether in the tribunals which the State has provided equal laws prevail.' [Citation omitted.]" *American*

*Motorists Ins. Co. v. Starnes,* 425 U.S. 637, 644-45, 48 L. Ed. 2d 263, 96 S. Ct. 1800 (1976).

"The '[rational] basis' test is violated only if the statutory classification rests on grounds wholly irrelevant to the achievement of the State's legitimate objective." *Leiker v. Gafford,* 245 Kan. 325, 363, 778 P.2d 823 (1989). "A statute comes before the court cloaked in a presumption of constitutionality, and it is the duty of the party attacking the statute to sustain the burden of proof." *Leiker,* 245 Kan. at 364.

Representatives of the public utilities testified when House Bill No. 2452 [K.S.A. 1991 Supp. 60-606(b)] was being debated before the House and Senate Judiciary Committees in favor of the bill as a method to counter the "forum shopping" being done by plaintiffs in suits against the public utilities. In fact, the witnesses at the debate on the bill stated that Wyandotte County was the county most favored by plaintiffs in those cases. See *Hearings on House Bill No. 2452 before House Judiciary Committee,* 1987 session; *Hearings on House Bill No. 2452 before the Senate Judiciary Committee,* 1987 session.

Applying the "rational basis" test, it does not appear that this classification is irrelevant if its goal is to decrease "forum shopping" by plaintiffs in public utility cases. We find it to be a legitimate state interest to control "forum shopping" by plaintiffs. Accordingly, K.S.A. 1991 Supp. 60-606(b) passes scrutiny under the "rational basis" test and does not violate the equal protection guarantees of the Kansas Constitution.

In summary, the plaintiff has a full remedy provided by the laws of Kansas to recover for any and all damages sustained by the fault of the defendant. We know of no "right" possessed by any plaintiff to file his lawsuit wherever and whenever he may please. Such rights simply do not exist. What is required is that the State afford this plaintiff a forum in which his rights may be asserted and litigated. That forum is provided by the legislature for Leavenworth County. We have no information and no suggestion has been made that the law in Leavenworth County is any different than the law in Wyandotte County. Equal laws prevail in both forums, and this is all the Constitution requires. This plaintiff has the same rights as any other similarly situated

plaintiff and has demonstrated no denial of his right to equal protection of the law.

Affirmed.