JUSTICE LEAPHART,
dissenting.
I dissent. The Court holds that since a party who is injured by a nonresident person has a choice of fifty-six different venues in the state of Montana, § 25-2-118(2), MCA, a person injured by an out-of-state corporation and whose venue choices are limited to fewer than all fifty-six counties is being denied equal protection of the law. Thus, § 25-2-122(2), MCA, which limits venue in suits against nonresident corporations to four counties is unconstitutional.
Unless there is some evidence that none of the four venues provided for in § 25-2-122(2), MCA, will administer the law in a just and equal manner, we must assume that there is even handed administration of justice throughout the district courts in the state of Montana. Given that assumption, the fact that some other litigant may have the ability to choose between five, ten or fifty-six venues which will also administer the law in a fair and just manner makes no difference.
Cincinnati Street Ry. Co. v. Snell (1904), 193 U.S. 30, 36, 24 S.Ct. 319, 321, 48 L.Ed. 604, 607, involved a statute which allowed a party *251 litigating with a corporation the right to change the venue out of the county in which the corporation kept its principal place of business. The railway company challenged the statute for the reason that it did not afford the corporate party the same right to change venue. The Court characterized the issue as follows:
That although the protection of equal laws equally administered has been enjoyed, nevertheless there has been a denial of the equal protection of the law within the purview of the 14th Amendment, only because the state has allowed one person to seek one forum and has not allowed another person, asserted to be in the same class, to seek the same forum, although as to both persons the law has afforded a forum in which the same and equal laws are applicable and administered.
In rejecting the proposition that if A only has access to one forum where the law is equally administered, the fact that B has access to more than one forum where the law is equally administered, means that A has been denied equal protection of the laws, the court held:
But it is fundamental rights which the 14th Amendment safeguards, and not the mere forum which a state may see proper to designate for the enforcement and protection of such rights. Given, therefore, a condition where fundamental rights are equally protected and preserved, it is impossible to say that the rights which are thus protected and preserved have been denied because the state has deemed best to provide for a trial in one forum or another. It is not, under any view, the mere tribunal into which a person is authorized to proceed by a state which determines whether the equal protection of the law has been afforded, but whether in the tribunals which the state has provided equal laws prevail.
It follows that the mere direction of the state law that a cause, under given circumstances, shall be tried in one forum instead of another, or may be transferred when brought from one forum to another, can have no tendency to violate the guaranty of the equal protection of the laws where in both the forums equality of law governs and equality of administration prevails.
Cincinnati Street Ry. Co., 193 U.S. at 36-37, 24 S.Ct. at 321-22 (emphasis added).
In Bain Peanut Co. v. Pinson (1931), 282 U.S. 499, 51 S.Ct. 228, 75 L.Ed. 482, a corporation filed an equal protection challenge to a venue statute which allowed plaintiffs to sue a private corporation in the county where an action arose. The statute, however, limited suit *252 against unincorporated individuals to the county in which they were domiciled. In upholding the statute, the Court stated:
In deciding whether a corporation is denied the equal protection of the laws when its creator establishes a more extensive venue for actions against it than are [sic] fixed for private citizens we have to consider not a geometrical equation between a corporation and a man but whether the difference does injustice to the class generally, even though it bear hard in some particular case, which is not alleged or proved here.
Bain Peanut Co., 282 U.S. at 501, 51 S.Ct. at 229 (emphasis added) (citations omitted).
The Court looked to its decision in Cincinnati Street Ry. Co. for the answer.
The question seems to be answered by Cincinnati Street Ry. Co. v. Snell, [citation omitted] which lays down that if the protection of fundamental rights by equal laws equally administered is enjoyed, the Constitution does not forbid allowing one person to seek a forum from which another in the same class is excluded.
Bain Peanut Co., 282 U.S. at 501, 51 S.Ct. at 229 (emphasis added).
Likewise, in the present case, we cannot address the equal protection question by merely looking at the geometrical equation (plaintiffs hurt by out-of-state corporations get four venue choices while plaintiffs hurt by out-of-state individuals get fifty-six venue choices) and concluding, a priori, there must be a denial of equal protection. Rather, we must determine whether the difference, in fact, “does an injustice.”
The United States Supreme Court has held that a person challenging a statute on equal protection grounds must show a “discrimination against them of some substance.” American Party of Texas v. White (1974), 415 U.S. 767, 781, 94 S.Ct. 1296, 1306, 39 L.Ed.2d 744, 760. “ ‘Statutes create many classifications which do not deny equal protection; it is only “invidious discrimination” which offends the Constitution.’ ’’American Party of Texas, 415 U.S. at 781, 94 S.Ct. at 1306 (citing Ferguson v. Skrupa (1963), 372 U.S. 726, 732, 83 S.Ct. 1028, 1032, 10 L.Ed.2d 93, 98). “The prohibition of the Equal Protection Clause goes no further than the invidious discrimination.” Williamson v. Lee Optical of Oklahoma (1955), 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563, 573.
Additionally, as the United States Supreme Court recognized in American Motorists Ins. Co. v. Starnes (1976), 425 U.S. 637, 96 S.Ct. 1800, 48 L.Ed.2d 263,
We are not confined to the language of the statute under challenge in determining whether that statute has any discriminatory effect. *253 Just as a statute nondiscriminatory on its face may be grossly discriminatory in its operation, [citations omitted] so may a statute discriminatory on its face be nondiscriminatory in its operation. There being no discriminatory effect achieved by the aspects of the Texas venue provisions calling for establishment of a cause of action, we have no difficulty in concluding that appellant’s equal protection challenge to Exception 27 must be rejected.
American Motorists Ins. Co., 425 U.S. at 645, 96 S.Ct. at 1804-05 (emphasis added).
Although § 25-2-122(2), MCA, may appear discriminatory on its face when one contrasts fifty-six venue choices with four venue choices, the real question is not one of numerical discrepancy. Rather, the inquiry is whether that discrepancy creates a substantive, invidious discrimination.
In my view, the venue statute is discriminatory in its operation only if it can be shown that it does an injustice to plaintiffs injured by out-of-state corporations by (1) denying them any choice in selecting venue, or (2) denying such plaintiffs a venue in which they can enjoy equal laws equally administered. Section 25-2-122(2), MCA, does neither. It allows a plaintiff injured by an out-of-state corporation to file suit in any one of four venues: the county where the tort was committed; the county in which the plaintiff resides, the county in which the corporation’s resident agent is located, or the first judicial district.
In reaching its conclusion, the Court presents a hypothetical situation where two Montana resident drivers were hurt in separate car accidents both involving out-of-state defendants. Both residents would be able to file tort claims in state court. If one resident were injured by an out-of-state individual, that resident could sue in any county in Montana. However, if the other resident were injured by an employee of an out-of-state corporation, that resident would be restricted to four venue choices. Based upon this analogy, the Court concludes that § 25-2-122(2), MCA, operates unequally on two different classes of people and thus denies equal protection of the laws. The Court’s conclusion, however, is based entirely upon the numerical discrepancy. The opinion fails to analyze whether that discrepancy actually creates a substantive discrimination, i.e., whether it works an injustice.
The Court assumes that a plaintiff injured by an out-of-state corporation, will, despite four venue choices, somehow be denied a forum where equal laws will be equally administered. There is no basis for making such an assumption. If a party can demonstrate that *254 there is reason to believe that an impartial trial cannot be had in a venue, or that the convenience of witnesses and the ends of justice would be promoted by a change of venue, then the Court “must” change the place of trial. Section 25-2-201, MCA. Absent such a showing, the law assumes that any one or all four of the venues will provide a forum where the laws will be equally administered.
If, as the Court assumes, a limitation of four venue choices works an injustice on a plaintiff, then what does that say about § 25-2-122(1), MCA, which limits Montana residents who sue Montana corporations to a mere two venue choices: the defendant’s residence or the place where the tort occurred?
The Court has fallen prey to a facile argument that if A has more choices than B, B has necessarily been denied equal protection. We should not reach such a conclusion absent a showing that B does not still enjoy equal laws equally administered. If B has four venue choices and can force a change of venue if there is reason to believe an impartial trial cannot be had, then the law is not working an injustice on B and there is no denial of equal protection.
The majority puts much store in the special status of FELA plaintiffs. Indeed, this Court has recognized that FELA plaintiffs have a right of choice in selecting a venue. Haug v. Burlington Northern R. (1989), 236 Mont. 368, 374, 770 P.2d 517, 520. However, we have never stated that FELA plaintiffs have a right to a certain number of venue choices or that the legislature cannot limit the choices to a number less than fifty-six. It cannot be said that § 25-2-122(2), MCA, denies the FELA plaintiff a choice in venue. Rather it gives the plaintiff four choices. The only question is whether the fact that plaintiffs suing noncorporate, nonresident defendants have more venue choices, means that the FELA plaintiff is being denied equal protection. I think not. If the FELA plaintiff has four choices and each of the four venue choices is presumed to afford even handed administration of justice, there is no substantive, invidious discrimination. I would hold that § 25-2-122(2), MCA, does not deny the equal protection of the laws.
JUSTICE GRAY joins in the foregoing dissent.